PER CURIAM.
The appellant was the defendant in a mortgage foreclosure and the counter-plaintiff in an action to secure forfeiture of interest payments pursuant to section 697.05 (4), Florida Statutes, F.S.A. He defended in the trial court upon the ground that the mortgage was void for usury. The Counterclaim was dismissed for failure to state a cause of action. A final decree of fore *664 closure was entered and this appeal followed. Two points on appeal were presented. The first is as follows:
“THAT WHERE IN A SUIT TO FORECLOSE MORTGAGE, THE MORTGAGOR AFFIRMATIVELY PLEADS THE DEFENSE OF USURY AND THE UNDISPUTED EVIDENCE IN THE CAUSE REFLECTS THE EXACTION AND CHARGE BY THE MORTGAGEE OF BOTH THE PRINCIPAL SUM OF MONEY LOANED PLUS A SUM IN EXCESS OF 25% THEREOF, A FINAL DECREE OF FORECLOSURE ENTERED IN FAVOR OF SUCH MORTGAGEE FOR THE FULL AMOUNT OF SUCH LOAN IS ERRONEOUS AND SHOULD BE REVERSED.”
The two principal witnesses relied upon by appellant for the proof of usury were substantially impeached and we cannot say that the trial court was bound to accept their testimony. A chancellor as the “finder of fact” may find a witness who has been impeached completely unworthy of belief, and in such circumstances it is within his province to reject such testimony. See Roundtree v. Davis, 124 Fla. 212, 167 So. 820 (1936); and Padron v. State, Fla.App.1963, 153 So.2d 745. The credibility of the evidence of these two witnesses was an essential element in the proof of usury. The chancellor heard the testimony and observed the demeanor of the witnesses. His findings come to this Court with a presumption of correctness which will not be lightly set aside. Augusta Corp. v. Strawn, Fla.App.1965, 174 So.2d 422. To reverse the chancellor would amount to nothing more than an unauthorized substitution of our own judgment for his on the credibility of the testimony. See Joyner v. Bernard, 148 Fla. 649, 6 So.2d 533 (1942). We therefore conclude that the appellant has not demonstrated error upon the first point.
Appellant’s second point concerns the dismissal of his counterclaim. He urges that the chancellor misconstrued section 697.05 Florida Statutes, F.S.A., which is sometimes referred to as the “balloon mortgage statute”. The section is as follows:
“697.05 Balloon mortgages; scope of law; definition; requirements as to-contents; penalties for violations; exemptions
“(1) Any conveyance, obligation' conditioned or defeasible, bill of sale- or other instrument of writing conveying or selling real property for the-purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to-some third person in trust for the-creditor, shall be deemed and held to-be a mortgage, and shall be subject to-the provisions of this section.
“(2) Every mortgage in which the-final payment or the balance due and' payable upon maturity is greater than, twice the amount of the regular monthly or periodic payment of the said mortgage shall be deemed a balloon mortgage, and shall have printed or clearly-stamped on such mortgage: THIS IS A BALLOON MORTGAGE AND THE FINAL PAYMENT OR THE BALANCE DUE UPON MATURITY IS _, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.
“This legend including the total amount due upon maturity shall appear at the top of the first page or face sheet of the mortgage and also immediately above the place for signature of the mortgagor. The legend shall be conspicuously printed or stamped in type as large as the largest type used in the text of the instrument, either as. *665 an over-print or by a rubber stamp impression.
“(3) Failure of a mortgagee, creditor or a third party in trust for a mortgagee or creditor to comply with the provisions of this section shall automatically extend the maturity date of ■such mortgage in the following manner:
“The final payment or the balance ■due and payable is to be divided by the regular monthly or periodic payment .and the quotient so secured is to be the number of months or periods the maturity date of the mortgage is extended. The mortgagor shall continue to make ■such monthly or periodic payments until the principal of the mortgage is paid. All such payments shall be credited to the principal only.
“(4) Any mortgagee, creditor, bona fide holder, assignee, transferee, en-■dorsee, or any agent, officer, or other representative of any such person violating the provisions of this section ■shall forfeit the entire interest charged, ■contracted to be charged or reserved under any such mortgage written in violation of this section, and only the principal sum of such mortgage can be enforced in any court in this state, either at law or in equity. Any interest, collection charge or attorney fee that has been paid or reserved or contracted for, either directly or indirectly, shall be forfeited to the person or mortgagor presently obligated under such mortgage.
“(5) This section does not apply to the following:
(a) Any mortgage in effect prior to January 1, 1960;
(b) Any first mortgage;
(c) Any mortgage created for a term of more than five years;
(d) Any mortgage, the periodic payments on which are to consist of interest payments only, with the entire original principal sum to be payable upon maturity.”
The holding of the trial judge that the section did not apply to the instant mortgage is implicit in his ruling that appellant’s, defendant’s, counterclaim for relief under the statute did not state a cause of action. The mortgage provided for four payments as follows:
Date of Note: March 20, 1963
Date Due Interest payment Principal payment Total payment
9/20/63 $850.00 $ 850.00
3/20/64 850.00 850.00
9/20/64 850.00 $ 5,000.00 5,850.00
9/20/65 600.00 12,000.00 12,600.00
The statute defines a “balloon mortgage” as “every mortgage in which the final payment or the balance due and payable upon maturity is greater than twice the amount of the regular * * * periodic” payments. Inasmuch as the instant mortgage provides for four payments at stated regular intervals, it calls for periodic payments ; and inasmuch as the final payment is more than twice any of the periodic payments, the instant mortgage comes within the definition given.
Appellee contends that the mortgage is within the exemption provided by subsection (5) (d) which states that the balloon mortgage statute does not apply to “[a]ny mortgage, the periodic payments on which *666 are to consist of interest payments only, with the entire original principal sum to he payable upon maturity.”
It is suggested by appellee that since three of the payments are only for interest we should disregard them, and that we would then be left with only one payment other than the final payment. It is thereupon urged that one payment cannot be periodic. We do not think that the exemption can be considered piece-meal in this fashion. The present mortgage does not meet the exemption inasmuch as all the periodic payments are not for interest only, and because the entire original principal sum is not payable upon maturity. We therefore hold that the chancellor erroneously dismissed the defendant’s counterclaim. The decree appealed is affirmed in part and reversed in part, and this cause is remanded for the taking of additional testimony on the counterclaim and for the entry of an amended final decree pursuant thereto.
Affirmed in part and reversed in part.
An Appeal from the Circuit Court for Dade County, Pat Cannon, Judge.
Louis Vernell, for appellants.
Dubbin, Schiff, Berkman & Dubbin and Norman Somberg, for appellee.
Before HENDRY, C. J., and TILLMAN PEARSON and SWANN, JJ.