CARLTON, Justice.
This is a direct appeal from Circuit Court, Pinellas County, which rendered an amended final judgment upholding the constitutionality of Fla.Stat. § 697.05, F.S.A., the “Balloon Mortgage Statute.” The Court’s final judgment, to which the amendment was attached, held that the mortgage in question in this litigation was a balloon mortgage drafted without conformance to the requirement of Fla.Stat. § 697.05, F.S. A., and, therefore, subject to the penalties contained in the statute. We affirm in part and reverse in part.
We agree that the statute is constitutional. Its purpose was to regulate the practice of drafting mortgages in terms which allowed for payment of relatively small installments for a period of time of relatively short duration, at the end of this period the balance becoming due in full. This technically legal practice became the subject of abuse, particularly when applied to second and third mortgages and the like, because of use in situations where the tentative mortgagee wished to give the illusion of “easy payments”, while saying little about the ultimate consequences.
In response to this abuse, the Legislature enacted the Balloon Mortgage Statute. By *153 its terms, this statute does not condemn the practice, presumably because of the realization that parties competent to contract are assumed to know what they are doing. But the statute does require that in any mortgage in which the final payment is more than twice the amount of the regular periodic payments called for in the mortgage, a legend must be included at the top of the first page and also immediately above the signature lines, in conspicuous print at least as large as the largest print in the text of the mortgage, as follows:
“THIS IS A BALLOON MORTGAGE AND THE FINAL PAYMENT OR THE BALANCE DUE UPON MATURITY IS. TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.”
If the balloon mortgage does not contain the required legend, and does not qualify under any of the exceptions provided by Fla.Stat. § 697.05(5), F.S.A., the mortgagee forfeits all interest received or to be received, and all collection charges and attorneys’ fees, and the life of the note is extended by as many periodic payment periods as are necessary to pay off the mortgage at the initial periodic payment rate.
Exceptions to the application of the penalties are listed in Fla.Stat, § 697.05(5), F.S.A.:
“This section [the statute] does not apply to the following:
(a) Any mortgage in effect prior to January 1, 1960;
(b) Any first mortgage;
(c) Any mortgage created for a term of more than five years;
(d) Any mortgage, the periodic payments on which are to consist of interest payments only, with the entire original principal sum to be payable upon maturity.”
In view of the restrictions above and the limitations of the statute generally, we are satisfied that the statute is a permissible exercise of the Legislature’s police power which does not excessively burden the freedom to contract, and which is reasonably related to the abuse sought to be controlled.
In the instant case, three lots formed the subject matter of a 1962 sale between appellant as vendor and appellees as vendees, from whence sprang the mortgage in question. Two of these lots were already encumbered with existing mortgages and ap-pellees agreed to accept responsibility for their satisfaction. Appellees satisfied these mortgages in 1964. Appellant asserts that when these were satisfied, the mortgage in question, which was to be satisfied in 1967, became a “first mortgage” thus qualifying for the exception given in Fla. Stat. § 697.05(5) (b), F.S.A. above. The trial court held that the test under this statute is whether a first mortgage existed at time of execution of the mortgage in question, not whether it eventually became a first mortgage.
The trial judge also held that the penalties of the statute would normally not apply to the lot which was unencumbered at the time of the sale, but that
“[B]ecause of the impossibility of severing said Lot 2 from the balloon note and mortgage and equitably apportioning amounts paid the Court will not attempt to sever or apportion said lots for foreclosure purposes.”
While we agree that the penalties apply to the two lots encumbered with preexisting mortgages, and that they would not apply to Lot 2 which was unencumbered, we cannot agree that this lot cannot be severed from application of the penalties. The forfeiture of interest is a stringent penalty and its application ought not *154 extend to properties outside the purview of the statute.
This cause is remanded with instructions that the trial court reassess its inability to provide for a severance and that it reach an equitable result. In all other respects the judgment appealed from is affirmed.
Reversed in part; affirmed in part.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW and THORN AL, TT., concur.