MacMILLAN, HUGH, Associate Judge.
This appeal involves the propriety of applying the forfeiture provisions to a balloon mortgage as defined in F.S. Section 697.05, F.S.A. The question for resolution is whether the facts of this mortgage transaction warrant the application of the forfeiture provisions under Section 697.05 (4), so as to preclude interest and attorneys’ fees because the following language was not printed or clearly stamped on the mortgage pursuant to 697.05(2) (a):
“This is a balloon mortgage and the final payment or the balance due upon maturity is -, together with accrued interest, if any, and all advancements made by the mortgagee under the terms of this mortgage.”
The mortgagee had no attorney, and at the request of her accountant, Milton Sadoff, loaned $8,000 to the mortgagor, an attorney. The accountant, who also had extensive business relations with the mortgagor, acted as an intermediary in arranging the transaction. The preparation of the mortgage and note was performed by the appellee mortgagor or under his direction. The loan was secured by a second mortgage on the premises in which Sadoff’s firm leased office space from the mortgagor. The mortgagee appellant carried out her part of the transaction by advancing the money to the mortgagor through Sadoff who set up the terms for payment as $200 a month for three years at which time the remaining principal was due. In addition to the loan instruments, a mortgagee title insurance policy was issued to the mortgagee by a former law partner of the mortgagor. Nothing was *589 stated in this policy about the mortgage being a balloon type mortgage. No charges were made to the mortgagee for any of the mortgage documents, recording or title insurance.
Payments were made to the mortgagee by the mortgagor through Sadoff’s office either by cash or through rental credits accruing under a lease between the mortgagor and Sadoff’s firm.
The mortgagor also transferred title to the mortgaged premises to Lual Corporation, a Florida corporation in which he had the principal control and interest, and thence to the appellee, Thirty Acres, Inc., in which he owned V22 of the capital stock. The record reflects he executed some type of an indemnification agreement to this latter corporation with reference to the instant mortgage. He acted as attorney for both corporations.
After a non-jury trial the trial court found that the mortgagee had received $7,250 on the principal of the original $8,000 mortgage leaving $750 due and payable on said mortgage. The trial court found that the instrument was a balloon mortgage and did not comply with F.S. Section 697.05, F.S.A., and that the mortgagee was thus precluded from collecting interest and being entitled to attorneys’ fees in the foreclosure action.
The mortgagor contends that the language of F.S. Section 697.05, F.S.A. is clear and plain and that since the relationship between the parties is one of creditor and debtor, the burden is on the mortgagee to comply with the statutory requirements or suffer the forfeiture provisions. Bellman v. Yarmark Enterprises, Inc., Fla.App.1965, 180 So.2d 663. This position is not tenable under the facts of this case. The mortgagor as an attorney who assumed the responsibility to prepare or have prepared under his direction the mortgage papers is now estopped from asserting the affirmative defense that the language necessary to be inscribed on a balloon mortgage was omitted from the mortgage in question. State ex rel. Watson v. Gray, Fla. 1950, 48 So.2d 84.
In this case in dealing with a layman, a widow, who had no counsel, the mortgagor as an attorney was charged with a high degree of care and responsibility incident to the mortgage papers he prepared or caused to be prepared for a loan for his own benefit, and it would appear unconscionable for him to exploit a condition which he created. The relationship far exceeded that of debtor and creditor when he assumed the responsibility to prepare the mortgage instruments to be utilized in the mortgage transaction in which he became the principal benefactor as mortgagor. State ex rel. The Florida Bar v. Delves, Fla.1963, 160 So.2d 114.
Accordingly, the judgment is affirmed as to the foreclosure of the mortgage and is reversed as to the disallowance of plaintiff’s claim for interest and attorneys’ fees, and remanded for a determination and allowance of such interest and attorneys’ fees.
Reversed and remanded, with directions.
CROSS, C. J., and REED, J., concur.