PER CURIAM.
Defendants appeal a judgment for $128,000 plus interest and attorney’s fees entered in favor of the plaintiff'in an action to recover the outstanding balance due on a promissory note.
Capo Properties, Inc. had a building site, architectural plans, specifications and financing from Flagler Federal Savings & Loan Association for the construction of a luxury highrise condominium on Miami Beach. Plaintiff, Jerry Capodilupo, president and 30% stockholder of Capo Properties, approached defendants Vlock and Lerner and interested them in taking over the project for the total sum of $278,000. On December 2, 1968, the parties entered into a deposit receipt agreement wherein defendants contracted to pay $100,000 in cash and execute a promissory note for $178,000. It was further agreed that Capo Properties was to receive 50% of the profits and the defendants 50%. On December 18, defendants executed the promissory note secured by a purchase money mortgage to Capo Properties. The note provided that defendants pay $50,000[1] of the principal on March 5, 1969 and the remaining $128,000 on October 15, 1969. Subsequently, Capo Properties assigned its interest in the note to plaintiff. Defendants expected the cost of the project to be about $1,-100,000; however the construction costs exceeded this expectation, and the defendants encountered financial difficulties causing Flagler Federal, the first mortgage lender, to take over the project for the purpose of completing it. Plaintiff then entered into an agreement with Flag-ler Federal transferring his mortgage lien to the proceeds of the condominium sales made by Flagler Federal. In addition, plaintiff, in November 1969, entered into an agreement with defendants whereby he agreed to forbear from bringing any action against them until it could be determined whether or not the note could be paid out of the proceeds from the sale of the condominium units. When it became apparent that plaintiff would not realize the monies due on the note, he filed the instant law suit for recovery of the $128,000 balance, interest from October 15, 1969, and attorney’s fees. Defendants answered and pled that plaintiff deliberately misrepresented that the cost of construction would be $1,100,000 when, in fact, the building cost $1,400,000 to complete. The cause proceeded to trial and at the close of plaintiff’s case, defendants moved to amend the pleadings to conform to the evidence and to apply the Balloon Mortgage Statute [§ 697.05, Fla.Stat., F.S.A.]. The motion was denied. After the trial concluded, judgment was entered for plaintiff for the $128,000 due on his note, plus interest in the amount of $41,169.31, and attorney’s fees of $16,916.93. This appeal followed.
Defendants contend that they are entitled to have the Balloon Mortgage Act applied to the note in question. We cannot agree.
§ 697.05, Fla.Stat., F.S.A. reads in pertinent part:
“697.05 Balloon mortgages; scope of law; definition; requirements as to *789 contents; penalties for violations; exemptions
“(1) Any conveyance, obligation conditioned or defeasible, bill of sale or other instrument of writing conveying or selling real property for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held to be a mortgage, and shall be subject to the provisions of this section.
“(2) (a) Every mortgage in which the final payment or the balance due and payable upon maturity is greater than twice the amount of the regular monthly or periodic payment of the said mortgage shall be deemed a balloon mortgage, and shall have printed or clearly stamped on such mortgage: THIS IS A BALLOON MORTGAGE AND THE FINAL PAYMENT ■ OR THE BAL■ANCE DUE UPON MATURITY IS _, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.
******
“(3) Failure of a mortgagee, creditor or a third party in trus.t for a mortgagee or creditor to comply with the provision’s of this section shall automatically extend the maturity date of such mortgage in the following manner: The final payment of the balance due and payable is to be divided by the regular monthly or periodic payment and the quotient so secured is to be the number of months or periods the maturity date of the mortgage is extended. The mortgagor shall continue to make such monthly or periodic payments until the principal of the mortgage is paid. All such payments shall be credited to the principal only.”
Upon close scrutiny of this statute, it is clear that one of the essential elements of a balloon mortgage is regular monthly or regular periodic payments. The note in this case does not provide for regular monthly or periodic payments, but only one part payment of principal on March S, 1969 and the remainder of the principal on October 15, 1969. Thus, we conclude the Balloon Mortgage Statute is not applicable to the note in question and the trial judge properly denied defendants’ motion to apply this statute.
We also find appellants’ second point on appeal, that the November 1969 agreement to forbear was tainted by usury, to be lacking in merit.
Affirmed.

. to be taken from the first draw from the construction loan and to be used by Capo Properties to satisfy a mortgage on the subject property held by the Carrier Bank of Miami Beach.