ANSTEAD, Judge.
This is an appeal involving the construction and effect of Section 697.05, Florida Statutes, dealing with balloon mortgages. The trial court held that the appellants, Nathan C. Davies and Jean F. Davies, were not entitled to invoke the provisions of Section 697.05 to prevent the appellees, L. G. Cox and Jessie Cox, from collecting interest and attorneys’ fees under an alleged balloon mortgage. We affirm.
In 1971, as part of the purchase of income property, the Davies assumed a mortgage in the amount of $20,556.06 wherein Mr. and Mrs. Cox were the mortgagees. The mortgage provided for regular monthly payments of interest with the total principal amount due in a final payment in five years. The note also provided that principal payments of $100.00 monthly would be payable if the gross annual income from the income property for the preceding year exceeded $15,000.00. In January of 1973 the Davies notified the Coxes that the income for the preceding year exceeded $15,000.00; and the Davies started making monthly payments of $100.00 on principal, in addition to the interest payments. When the mortgage matured, the parties could not agree on the amount due, because of the dispute as to whether the mortgage in question was a balloon mortgage.
Section 697.05(2)(a) provides:
Every mortgage in which the final payment or the balance due and payable upon maturity is greater than twice the amount of the regular monthly or periodic payment of the said mortgage shall be deemed a balloon mortgage, and shall have printed or clearly stamped on such mortgage:
THIS IS A BALLOON MORTGAGE AND THE FINAL PAYMENT OR THE BALANCE DUE UPON MATURITY IS _, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.
Thereafter, the statute provides that the failure to comply with the requirements of Section 697.05(2)(a) shall cause the mortgagee to forfeit any claims for interest on the mortgage or attorneys’ fees and costs. The Cox mortgage does not contain the language set out in Section 697.05(2)(a). However, in Section 697.05(5)(d), certain mortgages are excepted from the requirement set out above including:
Any mortgage, the periodic payments on which are to consist of interest payments only, with the entire original principal sum to be payable upon maturity.
At the time of execution the mortgage herein was covered by the exception contained in Section 697.05(5)(d), since the periodic payments were for interest only with the entire principal payable upon maturity.
Although it is contended that the mortgage eventually “became” a balloon mortgage in 1973 after the income exceeded $15,000.00, we do not believe such contingency terms were sufficient under the circumstances to invoke the forfeiture provisions of the statute.
The Florida Supreme Court,[1] in upholding the constitutionality of Section 697.05, has stated that the purpose of the statute was to deal with an abusive use of balloon mortgages which “give the illusion of ‘easy payments,’ while saying little about the ultimate consequences.” However, the Supreme Court indicated at the same time that the statute’s application should be limited to mortgages falling clearly within its provisions:
The forfeiture of interest is a stringent penalty and its application ought not extend to properties outside the purview of the statute.[2]
Accordingly, the judgment of the trial court is hereby affirmed.
FOGLE, HARRY W., Associate Judge, concurs.
DOWNEY, J., specially concurs, with opinion.

. Winner v. Westwood, 237 So.2d 151 (Fla. 1970).

. Id. at 153-154.