ANSTEAD, Judge,
dissenting:
This is another case which involves a rather harsh application of the forfeiture provisions of the balloon mortgage statute, Section 697.05, Florida Statutes (1975). This statute mandates the forfeiture of interest, costs and attorneys fees and an extension of the terms of the mortgage, when a so-called balloon mortgage fails to contain on its face the following language in bold printing:
THIS IS A BALLOON MORTGAGE AND THE FINAL PAYMENT OR THE BALANCE DUE UPON MATURITY IS . TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.
The mortgage here did contain the following language in bold printing:
THIS IS A BALLOON MORTGAGE AND THE FINAL PAYMENT OF PRINCIPAL AND ACCRUED INTEREST IS DUE ON JUNE 4, 1979.
In addition, at the top of the mortgage the following was printed in bold lettering: THIS IS A BALLOON MORTGAGE. This language does not conform to the statutory requirement in that it fails to contain the amount of the final payment. The mortgagor made only one payment of $135 and thereafter, relying on the balloon mortgage statute, paid only the principal portions of the monthly payments. The mortgagee refused to accept these lesser payments and sought foreclosure of the mortgage. The statute was pled in defense and ultimately the trial court entered a summary judgment in favor of the mortgagor because the mortgage did not contain the language referred to above, namely the amount of the final payment.
Both parties were represented by legal counsel in this transaction. There could be no doubt that everyone was on notice that the mortgage was a balloon mortgage. But because the amount of the last payment was not included in the bold language, the mortgagee not only forfeits interest and attorneys fees but the term of the mortgage is extended from three years to nine. It is difficult for me to believe that the legislature intended such a result under the circumstances of this case. It is inconceivable that Marshall did not know the amount of the last payment. Indeed it is inconceivable that he did not know that this was a balloon mortgage. Under these circumstances I would hold that there was such substantial compliance with the statute to prevent the imposition of the harsh penalties contained therein. This is surely a case contemplated by the Florida Supreme Court when it stated:
*133 The forfeiture of interest is a stringent penalty and its application ought not extend to properties outside the purview of the statute.
Winner v. Westwood, 237 So.2d 151, 153-154 (Fla.1970).