# FOGG v. SOUTHEAST BANK, N.A.

## Case No. 83-6451

Fifteenth Judicial Circuit, Palm Beach County

May 29, 1984

### APPEARANCES OF COUNSEL

**Vance E. Salter** and **D. Culver Smith, III, Steel, Hector & Davis**, for defendant.

**Alan T. Dimond** and **Joseph J. Reiter** for plaintiffs.

### OPINION OF THE COURT

THOMAS E. SHOLTS, Circuit Judge.

This cause was heard on May 1, 1984 upon the parties' cross motions for summary judgment. Having reviewed the pleadings, depositions, affidavits, and exhibits of record, considered the parties' memoranda of law, and heard argument of counsel, and being otherwise fully advised, the Court finds that:

1. Both parties agree that the primary legal issue for determination by the Court is whether Section 697.05, Florida Statutes (the "balloon mortgage statute") applies to the mortgage held by Southeast Bank.

2. At the time the Plaintiff executed the subject mortgage, the mortgage was a "balloon mortgage" within the scope of the statute, but the legend required by the statute was not affixed to the mortgage.

3. After the execution, delivery, and recordation of the mortgage, the balloon mortgage statute was amended. A new provision, Section 697.05(5)(e), Florida Statutes, specifically exempted from the scope and operation of the statute any mortgage securing an extension of credit in excess of $500,000. The mortgage at issue here has at all times secured a principal sum in excess of that figure.

4. The amendment and exemption are properly applicable to the subject mortgage, because amendments to penal and remedial statutes are to be applied retrospectively unless the legislature specifically provides otherwise. *Tel Service Co. v. General Capital Corporation*, 227 So.2d 667, 671 (Fla. 1969). It is apparent that the balloon mortgage statute is penal and remedial in character. Its caption and effect make that evident. The penalty in this case would be in excess of a million dollars. The Supreme Court of Florida has referred to the statute as a "stringent penalty", as has the Fourth District Court of Appeal. *Winner v. Westwood*, 237 So.2d 151 (Fla. 1970); *Davies v. Cox*, 349 So.2d 218 (Fla. 4th DCA 1977)

5. Based upon the foregoing, Section 697.05, Florida Statutes is inapplicable to the mortgage loan held by Southeast Bank.

Accordingly, it is hereby ORDERED and ADJUDGED that:

(1) The Plaintiff's motion for summary judgment is denied;

(2) The Defendant's motion for summary judgment is granted;

(3) Within ten days from the date of this Order:

(a) Defendant, Southeast Bank, shall submit to the Court the original note and mortgage sought to be foreclosed; and

(b) Plaintiff, E.C. Fogg III, shall file and serve any objections to the sums of principal and interest claimed by Southeast Bank (in the Affidavit of Bruce J. Roland, an officer of Southeast Bank) to be due and payable. If such sums are disputed, they shall be determined at a subsequent hearing; if not, the parties shall submit an agreed form of final judgment of foreclosure consistent with this Order.