BASKIN, Judge.
The question presented in this appeal from a Final Judgment in a mortgage foreclosure action is whether the provisions of the balloon mortgage statute, § 697.05, Fla.Stat. (1987),[1] govern the mortgage un *1244 der consideration. We hold that the mortgage before us is a balloon mortgage subject to the provisions of section 697.05, and the lender’s failure to comply with statutory requirements subjects it to statutory penalties. We reverse.
On February 11, 1986, Gonzalo Lage, mortgagor, executed and delivered to Pan American Bank n/k/a NCNB National Bank of Florida [NCNB], mortgagee, a note and second mortgage encumbering a condominium as security for an indebtedness of $85,000. The note provides the following payment schedule: “$2,500.00 plus interest on May 11, 1986. Thereafter, interest only will be payable 6/11/86 & 7/11/86 a balloon payment will be due in the principal amount of $82,500.00 plus interest August 11, 1986.” The interest rate consisted of the bank’s prime rate plus 2% per annum. The property was also encumbered by a note and first mortgage executed to Amerifirst Federal Savings and Loan Association [Amerifirst].
On November 17, 1986, Amerifirst filed an amended complaint against appellant Lage and NCNB seeking foreclosure of the mortgage. NCNB filed an amended cross-claim against appellant for foreclosure of the second mortgage. Appellant filed an answer and counter cross-claim against NCNB asserting the affirmative defense of noncompliance with section 697.05, Florida Statutes (1987).[2] Appellant and NCNB filed cross-motions for summary judgment with supporting affidavits. In granting NCNB’s motion and entering Final Judgment for NCNB, the trial court apparently ruled that section 697.05 did not apply.
On appeal, Lage argues that NCNB violated section 697.05(2)(a)2 by failing to include the required statutory legend. NCNB responds that the mortgage is not a balloon mortgage as defined by the statute because the payments are neither regular nor periodic.[3] We find merit in Lage’s contentions.
Section 697.05(2)(a)l, Florida Statutes (1987), defines “balloon mortgage” as “[e]very mortgage in which the final payment or the principal balance due and payable upon maturity is greater than twice the amount of the regular monthly or periodic payment....” In Bellman v. Yarmark Enterprises, Inc., 180 So.2d 663 (Fla. 3d DCA 1965), cert. dismissed, 188 So.2d 807 (Fla.1966), this court ruled that a mortgage was a balloon mortgage when its payments were due at stated regular intervals, despite the fact that some payments consisted of interest, and only one payment other than the final payment included principal. Lage was required to make four payments; one payment other than the final payment included principal. The June 11 and July 11, 1986 payments were for interest only. The May 11 and August 11, 1986 (final) payments included principal and interest. Thus, the mortgage required payments at stated regular intervals; con *1245 sequently, the payments are periodic under the Bellman reasoning. Bellman, 180 So. 2d at 665 (“Inasmuch as the instant mortgage provides for four payments at stated intervals, it calls for periodic payments.”). Cf. Davies v. Cox, 349 So.2d 218 (Fla. 4th DCA 1977) (where mortgage provided for regular monthly interest payments with total principal amount due in final payment, and monthly principal payments contingent on gross annual income, balloon mortgage statute inapplicable); Vlock v. Capodilupo, 327 So.2d 787 (Fla. 3d DCA 1976) (where note required one principal payment of $50,000 on March 5,1969, and remainder of principal on October 15,1969, balloon mortgage statute was not applicable; payments were not regular monthly or regular periodic payments). Furthermore, the payment schedule required payments to be made on a monthly basis.
NCNB suggests that the payments are not “regular” payments because they are dependent on a variable rate of interest and are subject to change. We reject its assertion.
The statute does not define “regular.” “[W]hen a statute does not specifically define words of common usage, such words are to be construed in accordance with their plain and ordinary meaning.” Simmons v. Schimmel, 476 So.2d 1342, 1344 (Fla. 3d DCA 1985), review denied, 486 So.2d 597 (Fla.1986); see Southeastern Fisheries Ass’n, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984); Seaboard Sys. R.R. v. Clemente, 467 So.2d 348 (Fla. 3d DCA 1985).
The term “regular” is defined as steady or uniform in course, practice, or occurrence; not subject to unexplained or irrational variation; usual, customary or general; made according to rule; duly authorized; formed after uniform type; built or arranged according to established plan, law, or principle. Webster’s Third New International Dictionary 1913 (1986); Black’s Law Dictionary, 1155-56 (5th ed. 1979) (citations omitted). Although the amounts of the payments under the note change in accordance with the variable interest rate and the inclusion of a principal payment, these changes are the result of the parties’ agreement. The totality of these circumstances leads us to conclude that the payments are “regular” payments.
In addition, the statute requires a special legend on variable interest rate balloon mortgages. § 697.05(2)(a)2, Fla.Stat. (1987). A construction of the statute which precludes variable interest rate mortgages would be inconsistent with the statute’s express provisions. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). It is clear that the legislature did not intend to exclude variable interest rate mortgages from the application of the balloon mortgage statute. Accordingly, the mortgage in question is within the statute even though the payments are subject to a variable interest rate.
In summary, we hold that the balloon mortgage statute is applicable to the mortgage before us and that the mortgage does not comply with section 697.05(2)(a)2. That section requires a legend stating that the mortgage is a balloon mortgage and setting forth the statutorily prescribed language at the top of the first page or face sheet of the mortgage and immediately above the place for the mortgagor’s signature. Because NCNB did not comply, it is subject to the prescribed penalties. See Riano v. Burchfield, 512 So.2d 1121 (Fla. 3d DCA 1987). We therefore reverse the judgment in favor of NCNB and remand for the trial court to enter judgment in favor of Lage.
Reversed and remanded with instructions.

. Section 697.05, Florida Statutes (1987), provides:
Balloon mortgages; scope of law; definition; requirements as to contents; penalties for violations; exemptions.—
(1) Any conveyance, obligation conditioned or defeasible, bill of sale, or other instrument of writing conveying or selling real property for the purpose or with the intention of securing the payment of money, whether such instrument is from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held to be a mortgage and shall be subject to the provisions of this section.
(2)(a)l. Every mortgage in which the final payment or the principal balance due and payable upon maturity is greater than twice the amount of the regular monthly or periodic payment of the mortgage shall be deemed a balloon mortgage; and, except as provided in subparagraph 2., there shall be printed or clearly stamped on such mortgage a legend in substantially the following form:
THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS |-, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.
2. In the case of tiny balloon mortgage securing the payment of an obligation the rate of interest on which is variable or is to be adjusted or renegotiated periodically, where the principal balance due on maturity cannot be calculated with any certainty:
a. The principal balance due upon maturity shall be calculated on the assumption that the initial rate of interest will apply for the entire term of the mortgage;
b. The legend shall disclose that the stated principal balance due upon maturity is an approximate amount based on such assumption; and
c. A legend in substantially the following form suffices to comply with the requirements of this section:
THIS IS A BALLOON MORTGAGE SECURING A VARIABLE (adjustable; renegotiable) RATE OBLIGATION. ASSUMING THAT THE INITIAL RATE OF INTEREST WERE TO APPLY FOR THE ENTIRE TERM OF THE MORTGAGE, THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY WOULD BE APPROXIMATELY $-, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE. THE ACTUAL BALANCE DUE UPON MATURITY MAY VARY DEPENDING ON CHANGES IN THE RATE OF INTEREST.
(b) This legend, including the principal balance due upon maturity, shall appear at the top of the first page or face sheet of the mortgage and also shall appear immediately above the place for signature of the mortgagor. The legend shall be conspicuously printed or stamped.
(3) Failure of a mortgagee or creditor or a third party in trust for a mortgagee or creditor to comply with the provisions of this section shall automatically extend the maturity date of such mortgage in the following manner: The mortgagor shall continue to make monthly or periodic payments until the principal and interest which has accrued prior to the time of the balloon payment of the mortgage is paid in full, and the maturity date shall be automatically extended to the date upon which said payments would cause the mortgage debt to be paid in full assuming such payments are made when due upon such monthly or periodic schedule. The mortgagor shall be entitled to prepay the mortgage without penalty during the extension period.
(4) This section does not apply to the following:
(a) Any mortgage in effect prior to January 1, 1960;
(b) Any first mortgage, excluding a mortgage in favor of a home improvement contractor defined in § 520.61(11) the execution of which is required solely by the terms of a home improvement contract which is governed by the provisions of §§ 520.60-520.992;
*1244 (c) Any mortgage created for a term of more than 5 years or more, excluding a mortgage in favor of a home improvement contractor defined in § 520.61(11) the execution of which is required solely by the terms of a home improvement contract which is governed by the provisions of §§ 520.60-520.992;
(d) Any mortgage, the periodic payments on which are to consist of interest payments only, with the entire original principal sum to be payable upon maturity;
(e) Any mortgage securing an extension of credit in excess of $500,000;
(f) Any mortgage granted in a transaction covered by the Federal Truth-in-Lending Act, 15 U.S.C., § 1601 et seq., in which each mortgagor thereunder is furnished a Truth-in-Lending Disclosure Statement that satisfies the requirements of the Federal Truth-in-Lending Act; or
ig) Any mortgage granted by a purchaser to a seller pursuant to a written agreement to buy and sell real property which provides that the final payment of said mortgage debt will exceed the periodic payments thereon.

. In his counter cross-claim, Lage sought to secure imposition of statutory penalties. See § 697.05(3), Fla.Stat. (1987).

. NCNB also argues that the statute is inapplicable because Lage is not within the class of persons that the legislature intended to protect, and NCNB substantially complied with the statute. These issues were not raised in the trial court; we, therefore, decline to consider them. Riano v. Burchfield, 512 So.2d 1121 (Fla. 3d DCA 1987); see Brickell Biscayne Corp. v. Palace Condominium Ass’n, 526 So.2d 982 (Fla. 3d DCA 1988).