BOARDMAN, Judge.
C. W. Matthews Contracting Co., Inc., appellee, had a contract with the State Department of Transportation for the widening and repaving of State Road 600, a mul-tilaned highway, which is divided by a median strip. During construction the westbound lanes were closed and westbound, as well as eastbound, traffic was routed over the normally eastbound traffic lanes. This condition existed for several weeks and continued to exist in the area of the intersection of Bridgers Avenue and State Road 600, even after the work in that immediate vicinity was completed. On May 2, 1972, the road was reopened to traffic in its preconstruction state. On the same date the appellant’s decedent approached the intersection on Bridgers Avenue. He was evidently unaware that the road had been reopened and proceeded east in the westbound lane. As a result of being on the wrong side of the median he was involved in a head-on collision and died' from the injuries he received.
The appellant filed suit against the ap-pellee, C. W. Matthews Contracting Co., Inc., and certain other parties not involved in this appeal. The third amended complaint was dismissed for failure to allege facts which showed any breach of duty on the part of [appellee] to warn the [appellant’s] decedent of highway conditions at the time of the automobile accident which gives rise to this litigation. . . .” Appellant elected not to plead further and final judgment was entered for the appellees. This timely appeal followed.
 A complaint must contain, inter alia, . .a short and plain statement of the ultimate facts showing that the pleader is entitled to relief . . ..” Rule 1.110(b)(2), RCP. Generally pleadings are sufficient if they inform the defendant of the nature of the cause against him. Dawson v. Blue Cross Assoc., Fla.App. 1st, 1974, 293 So.2d 90. However, it is also incumbent upon the pleader to state a cause of action alleging legal liability. Messana v. Maule Industries, Inc., Fla. 1951, 50 So.2d 874. We agree with the trial judge’s finding that this latter requirement was not shown in this case.
Appellant contends that a contractor repairing a highway has an affirmative duty to warn motorists of a change in existing traffic patterns. Hawk v. Trumbull Construction Co., 401 Pa. 570, 166 A.2d 41 (1960); Martin v. Central Engineering Co., 350 Ill.App. 589, 113 N.E.2d 573 (1953). While we have no disagreement with the law enunciated in these cases, we find them factually inapplicable to the cause at bar. In the cited cases there was a definite hazard created which gave rise to the duty to warn, for instance, a four-lane highway merging into a two-lane road. In the case sub judice, a hazard was removed not created, therefore, we see no duty to warn.
For the foregoing reasons, the judgment appealed is
Affirmed.
McNULTY, C. J., and HOBSON, J., concur.