340 So.2d 945 (1976)
CENTURY 21 COMMODORE PLAZA, INC., a Florida Corporation (Formerly Saul J. Morgan Enterprises, Inc.), Appellant,
v.
COMMODORE PLAZA AT CENTURY 21 CONDOMINIUM ASSOCIATION, INC., a Florida Corporation, Not for Profit, et al., Appellees.
No. 76-148.
District Court of Appeal of Florida, Third District.
December 1, 1976.
Rehearing Denied January 6, 1977.
*946 Frates, Floyd, Pearson, Stewart, Richman & Greer and Bruce A. Christensen, Miami, for appellant.
Joseph S. Paglino, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
HENDRY, Judge.
Appellant, Century 21 Commodore Plaza, Inc., and 39 Cortlandt Associates, Inc., were plaintiff and intervenor, respectively, below.
Appellees, Commodore Plaza at Century 21 Condominium Association, Inc., (the condominium association at Century 21 Commodore Plaza) and various individuals comprising the board of directors of the association were defendants below.
*947 This appeal is taken from an order and final judgment, entered by the trial court on October 7, 1975, which in substance reallocated an assessment made by appellee-association after holding that the original assessment was ultra vires and illegal. Both appellants and appellees filed assignments of error and cross-assignments of error, respectively, directed to the above order.
Appellant (plaintiff) was the developer of a condominium complex known as Century 21 Commodore Plaza. The condominium was created in accordance with Chapter 711, Florida Statutes, better known as the "Condominium Act." At the time of closing, each purchaser of a unit at the condominium was required by contract with the appellant-developer, to "... deposit an amount equal to one percent (1%) of the Purchase Price of the Unit into a Condominium Fund for the purpose of paying initial maintenance and capital expenses ..." The amount paid was directly related to the purchase price of the condominium unit and was not related to the unit's percentage interest in the common elements or the common surplus as set forth in the Declaration of Condominium of Century 21 Commodore Plaza.
The appellee-association is the representative body for all condominium units, both sold and unsold, comprising the project known as Century 21 Commodore Plaza. Pursuant to Sections 711.12(6) and 711.15, Florida Statutes (1975), the association has the power to make and collect assessments, as well as the right to lien individual units for any unpaid assessments.
On or about January 12, 1973, and pursuant to a vote of appellee-association's board of directors, a "special assessment" was levied against each condominium unit at Commodore Plaza. The schedule of assessments reflected a variation among the units based upon a "credit" given to each unit owner who had paid the initial one percent "contribution to common surplus" at the time of purchase. The credit was in the amount of the initial contribution to common surplus and was therefore wholly unrelated to the percentage ownership of the common elements attributed to each unit. Appellant-developer did not receive a one percent credit on his seventy-five (75) unsold units and was assessed the full amount. Appellant-intervenor, who owned twenty-nine (29) units, received a smaller credit than individual unit owners for equivalent units.
On January 25, 1973, appellant-developer filed this action seeking declaratory and injunctive relief, as well as damages arising out of (1) a discriminatory and illegal "special assessment;" (2) the liening of the condominium units owned by appellants; and (3) the threatened foreclosure of such liens for failure to pay the "special assessment." The trial court temporarily enjoined the imposition of further liens and the foreclosure of existing liens.
The court then severed the equitable issues from the legal issues for final hearing. This severance of the issues was affirmed on interlocutory appeal. Commodore Plaza at Century 21 Condominium Association, Inc. v. Century 21 Commodore Plaza, Inc., 290 So.2d 539 (Fla.App.3d DCA 1974). On October 7, 1975, the trial court, made various findings of fact and conclusions of law and entered its "Order and Final Judgment Granting Permanent Injunction and Other Relief." This appeal follows from the above final judgment.
Based upon the above premises, the able chancellor made the following findings of fact, which in part reads:
"* * *
"4. The only unit owner who had not paid the one per cent contribution since the units had not yet been sold, and was thus not given the one per cent credit, was the plaintiff. It is also undisputed that the intervenor, by reason of a bulk purchase of condominium units, had received a lower purchase price per unit and the one per cent contribution at time of purchase amounted to a lesser sum of money than the individual unit purchasers of units owning the same interest in the common elements had paid. The intervenor thus received a smaller credit with reference to the special assessment than did other unit owners whose units *948 had the identical percentage interest in the common elements and common surplus. Similar discrepancies occurred as to other unit owners, who, because of floor location or time of purchase, paid a different price than other unit owners purchasing the same size and type of apartment.
"5... . The actual effect of the credit accompanying the assessment was to simultaneously distribute the common surplus to the unit owners given the credit in a manner unrelated to the unit owners' interest in the common surplus or, in other words, to effectively liquidate the surplus created by the special assessment.
"6. Under the applicable portions of the Condominium Act, funds can only be assessed against unit owners in the proportions or percentages provided in the Declaration, and the common surplus `shall be owned by unit owners in the shares provided in the Declaration, Fla. Stat. § 711.14(2)(3). Unless it is otherwise provided in the Declaration, the `undivided share in the property owned in common by each unit owner shall be the undivided share previously owned by such unit owner in the common elements.' Fla. Stat. § 711.16(2).
"7. Section 4.2(a) of the Declaration of Condominium of Century 21 specifically provides that the `interest of each apartment unit owner in the funds and assets held by the Association shall be in the same proportion as the liability of each such owner for common expenses.' The Declaration further provides in Section 6.1 that `each apartment owner .. . shall share in the common surplus, such shares being the same as the undivided share in the common elements appurtenant to the apartment owned by him.' No other power of distribution is afforded to the Condominium Association in either its Declaration, Articles of Incorporation, or By-Laws. In fact, it is specifically provided in Section 6.1(e) of the Association's By-Laws that any surplus in the operations fund `which shall include gross revenues from the use of common elements and from other sources ... shall be used to reduce the assessments for current expenses for the year during which the surplus is realized... .' The one per cent contribution paid at the time of purchase is clearly a gross revenue from another `source,' and is in no different category than would be monies received from the use of vending machines or other equipment owned by or programs conducted by the Association."
The trial court thereupon concluded as a matter of law that, based upon Chapter 711, Florida Statutes, and the By-laws, Articles of Incorporation and Declaration of Condominium of Century 21 Commodore Plaza, the appellee-association could only assess and distribute its common surplus in direct proportion to the percentage of ownership in the common elements and in the common surplus. As such, the association possessed neither the explicit nor implicit authority to provide the credit which took place and the special assessment, as accompanied by the credit, was ultra vires.
In addition, the chancellor held that:
"4. The plaintiff and intervenor had proper standing to bring this action and were not required to request an appearance before the Board of Directors after having been advised by the President of the Association that the assessment would stand, and after the condominium units had already been liened and threatened with foreclosure, following a good faith attempt to meet with the Association's attorney.
"* * *
"6. The Board had the power to make an assessment without credits and the Court finds that the portion of the assessment without the credits is severable .. . The Board had no power to attempt to refund the one per cent amounts as a credit and that portion is therefore illegal and stricken.
"7. Accordingly, the portion of the assessment remaining after a deduction of the illegal credits from the entire assessment is adjudged to be valid as to all of the condominium units, such amount to *949 be reallocated among each unit in direct proportion to each unit's share of ownership of the common elements as set forth in the Declaration of Condominium."
The court thereupon ordered that a permanent injunction be placed upon appellees to prohibit them from both placing any liens upon appellants' units and foreclosing those liens already placed upon said units based upon the illegal assessment. In addition, the court held that the assessment, made valid by the diminution of the illegal credit, should be paid by appellants within thirty (30) days from request.
Appellants contend that the trial court was correct in holding the original assessment to be invalid, but erred in judicially creating a new assessment. Appellants argue that any new assessment goes beyond the scope of the pleadings and is both improper and inequitable. Appellants base their argument, among other things, on the fact that the assessment was originally made three years ago when the developer owned many more units than it owns today; therefore, monies collected for the assessment based upon ownership three years ago, would be inequitable since the assessment will be used by the association for current expenses.
Appellees' basic contention is that the court was correct in holding the assessment valid, but erred in eliminating the credit. Appellees claim that the failure of appellants to request an appearance before the Board of Directors of the appellee-association, in order to object to the assessment, was a procedural flaw, and therefore, the original assessment should be levied.
In first examining appellees' contentions, we do not believe that appellants had to request an appearance before the board of directors as a prerequisite to bringing this law suit. After reviewing the record, we believe there was competent substantial evidence to support the chancellor's finding that such an appearance, under the circumstances, would have proved useless. (See paragraph four (4) of the trial court's conclusions of law).
As for the trial court's ruling on the invalidity of the assessment credit, we hold that once the assessment became part of the common surplus of the condominium, it could only be redistributed to each unit owner in a form evidencing the percentage ownership of the common elements and common surplus of that unit. The following section of the Declaration of Condominium of Century 21 Commodore Plaza are dispositive of the issue and provide in part:
"4.2(a) ... The interest of each apartment unit owner in the funds and assets held by the Association shall be in the same proportion as the liability of each such owner for common expenses.
"* * *
"6.1 Share of Common Expenses. Each apartment owner shall be liable for a proportionate share of the common expenses, and shall share in the common surplus, such shares being the same as the undivided share in the common elements appurtenant to the apartment owned by him."
The above sections are consistent with Chapter 711, the "Condominium Act," as a whole and more particularly Section 711.14(3), Florida Statutes (1975) which provides:
"In a residential condominium, the common surplus shall be owned by unit owners in the proportions or percentages of ownership of the common elements provided in the declaration."
As for appellants' contention concerning the trial court's reallocation of the assessment, we hold that the chancellor, sitting in equity, did not abuse his discretion in holding that the original assessment, minus the credit, was valid. Section 711.15(1), Florida Statutes (1975), provides in part that:
"A unit owner, regardless of how title is acquired, .. . shall be liable for all assessments coming due while he is the owner of a unit."
We do not find it either unjust or inequitable for appellants to pay their pro rata share of the assessment, based upon their respective ownership of the common elements, *950 for the period of time they owned each respective unit. In addition, after a careful examination of the record, we do not feel that the chancellor went beyond the scope of the pleadings in ordering an enforcement of the original assessment minus the credit.
Any other issues raised by either appellants or appellees are without merit and need not be discussed.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.