350 So.2d 16 (1977)
MARGATE VILLAGE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
WILFRED, INC., a Florida Corporation, Appellee.
Nos. 76-2539, 77-637.
District Court of Appeal of Florida, Fourth District.
September 6, 1977.
*17 Alan S. Becker of Becker & Poliakoff, P.A., Fort Lauderdale, for appellant.
Robert H. Anderson II of Coleman, Leonard & Morrison, Fort Lauderdale, for appellee.
PER CURIAM.
These are consolidated appeals taken by the appellant from orders granting a temporary injunction and denying motions to dismiss and for summary judgment. The appellee, Wilfred, Inc., brought the action below seeking a temporary and permanent injunction against the appellant, Margate Village Condominium Association, Inc., from imposing assessments against Wilfred, as a unit owner, for the purpose of financing any legal actions brought against Wilfred, as the owner and developer. We reverse.
The complaint alleged that the association, through its board of directors, adopted a resolution levying an assessment against unit owners to defray the expense of bringing a lawsuit against the developer-lessor, Wilfred; that the association lacks standing to bring such a suit; and that Wilfred has no adequate remedy at law and will be irreparably harmed if the assessments are allowed to stand.
The complaint specifically alleged that a condominium association lacks standing to bring suit against a developer-lessor to test the validity of a recreation lease. The law is to the contrary.[1] As a unit owner, Wilfred is subject to the same assessments as other unit owners.[2] And the legality of those assessments is subject to no extra challenge because the unit owner happens, as a matter of coincidence, to be the developer-lessor.
There is some suggestion on appeal that the assessments are illegal because of the manner in which they were passed. However, there are no specific allegations in the complaint supporting such a claim. *18 Moreover, the time to challenge the legality of the assessments is when the assessments are sought to be enforced. We do not think the complaint stated a cause of action for injunctive relief, and the motion to dismiss should have been granted.
Accordingly, this cause is hereby reversed and remanded for further proceedings consistent herewith.
ANSTEAD, DAUKSCH and LETTS, JJ., concur.
NOTES
[1] Avila South Condominium Association, Inc. v. Kappa Corporation, Florida Supreme Court, 347 So.2d 599, Opinion issued March 31, 1977; Imperial Towers Condominium v. Brown, 338 So.2d 1081 (Fla. 4th DCA 1976).
[2] Century 21 Commodore Plaza, Inc. v. Commodore Plaza at Century 21 Condominium Association, 340 So.2d 945 (Fla. 3d DCA 1976).