371 So.2d 541 (1979)
DORSET HOUSE ASSOCIATION, INC., a Non-Profit Florida Condominium Corporation, Appellant,
v.
DORSET, INC., Etc., et al., Appellees.
No. 78-1810.
District Court of Appeal of Florida, Third District.
May 29, 1979.
*542 Charles L. Neustein, Miami Beach, for appellant.
Malspeis, Lococo & Brown and Morton P. Brown, North Miami, for appellees.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
PEARSON, Judge.
The plaintiff-appellant sought to foreclose a lien pursuant to Section 711.15, Florida Statutes (1975), for the alleged failure of a condominium owner to pay his proportionate share of the maintenance due. Defendant-appellee Dorset, Inc., the unit owner and developer of the condominium, answered and raised as an affirmative defense the allegation that it (the developer) was not obligated for maintenance payments because of an exemption from payment during the "Developers' Maintenance Period." It was alleged that this exemption was a provision of the recorded Declaration of Condominium. After the filing of affidavits, the trial judge granted the defendant's motion for summary final judgment and entered judgment thereon. Thereafter, the plaintiff moved for a rehearing, and the trial judge entered an amended final judgment providing:
"ORDERED AND ADJUDGED that the granting of the Final Summary Judgment in favor of the Defendant, DORSET, INC., and against the Plaintiff, DORSET HOUSE ASSOCIATION, INC., shall not act as estoppel by fact, estoppel by judgment or res judicata in any subsequent action that the Plaintiff herein may cho[o]se to bring against the Defendant, DORSET, INC., which future action may be predicated upon the Plaintiff's claim that the Defendant failed to maintain the subject condominium during the `developer's maintenance period'."
The trial court wished to make it clear that it was deciding only that the plaintiff did not have a statutory lien against the defendant. We hold that it does not appear without genuine issue of material fact that defendant is entitled to a judgment. An issue of fact arises from the pleadings in the plaintiff's reply to the affirmative defenses concerning the defendant's entitlement to the exemption provided in the Declaration of Condominium. The defendant alleged that it had complied with the requirement of the Declaration of Condominium by maintaining the project during the "Developers' Maintenance Period." By its reply, the plaintiff alleged that the defendant had not complied with that provision of the declaration. The issue was not shown to be less than genuine by the affidavits on file. Therefore, the summary final judgment must be reversed. See the principles of law in Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965); and Turner Produce Company v. Lake Shore Growers Cooperative Association, 217 So.2d 856, 860-861 (Fla. 4th DCA 1969).
In addition, it is our view that the amended summary judgment shows error because even where a summary judgment should be granted but it appears that the plaintiff may have a cause of action not pleaded, the proper procedure is to enter summary judgment but with leave to amend in that suit. See Hart Properties, Inc. v. Slack, 159 So.2d 236, 240 (Fla. 1963); Sorrells v. Mullins, 303 So.2d 385 (Fla. 3d DCA 1974); and Bernard Marko & Associates, Inc. v. Steele, 230 So.2d 42 (Fla. 3d DCA 1970).
Accordingly, the judgment and amended judgment are reversed and the cause remanded for further proceedings.
Reversed.
SCHWARTZ, Judge (concurring in part).
I agree with the court's disposition of the issues discussed in Judge Pearson's opinion. However, I would go further and hold that the affirmative defense that the developer is exempt from the payment of maintenance fees by the terms of the Declaration of Condominium, is insufficient as a matter of law. At the time the condominium documents in issue were executed in 1973,[1] the *543 applicable law, Section 711.15 Florida Statutes (1965), provided:
"(1) A unit owner, regardless of how title is acquired, ... shall be liable for all assessments coming due while he is the owner of a unit."
See Margate Village Condominium Assoc. Inc. v. Wilfred, Inc., 350 So.2d 16 (Fla. 4th DCA 1977); Century 21 Commodore Plaza, Inc. v. Commodore Plaza at Century 21 Condominium Assoc., Inc., 340 So.2d 945 (Fla. 3d DCA 1977), cert. denied, 354 So.2d 979 (Fla. 1978). In my view, the contractual exemption is invalid and unenforceable as in conflict with this legislative enactment. Local No. 234 v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla. 1953). Therefore, I would direct that on remand the affirmative defense be stricken.
NOTES
[1] Only in 1976 did the legislature authorize a developer-maintenance period-exemption from assessments, such as that asserted below. Sec. 718.116, Fla. Stat. (1977).