375 So.2d 348 (1979)
Philip B. BROOKS et al., Appellants,
v.
PALM BAY TOWERS CONDOMINIUM ASSOCIATION, INC., et al., Appellees.
Nos. 78-2009, 78-2010.
District Court of Appeal of Florida, Third District.
September 25, 1979.
Shalle Stephen Fine, Miami, for appellants.
Katz & Rosen and Steven M. Rosen, Miami, for appellees.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
HENDRY, Judge.
This consolidated appeal is from an order of the trial court entered with respect to a certain count contained in appellants/plaintiffs' amended complaint. Both appellants and appellees had filed motions for summary judgment as to the count; the appellees were granted summary judgment, and the appellants/plaintiffs thereafter filed their notices of appeal.
The pivotal question presented to the trial court and upon which this appeal revolves is whether the condominium developer is a "unit owner" under Chapter 711, Florida Statutes (1971) and, therefore, obligated to pay all assessments levied against unit owners.
Initially, it must be noted that the subject real property was submitted to condominium ownership in 1972, thus, the condominium statute of 1971 governs.[1] It defines the pertinent terminology as follows:
"711.14 Common expenses and common surplus.
(1) Common expenses shall include the expenses of the operation, maintenance, repair, or replacement of the common elements, costs of carrying out the powers and duties of the association and any other expense designated as common expense by this law, the declaration or the bylaws.
(2) Funds for the payment of common expenses shall be assessed against unit owners in the proportions or percentages of sharing common expenses provided in the declaration... ."
"711.15 Assessments; liability; lien and priority; interest; collection.
(1) A unit owner, regardless of how title is acquired, including without limitation a purchaser at a judicial sale, shall be liable for all assessments coming due while he is the owner of a unit. In a voluntary *349 conveyance the grantee shall be jointly and severally liable with the grantor for all unpaid assessments against the latter for his share of the common expenses up to the time of such voluntary conveyance, without prejudice to the rights of the grantee to recover from the grantor the amounts paid by the grantee therefor."
The statute itself defines the term "unit owner" as follows:
"711.03 (14) Unit owner or owner of a unit means the owner of a condominium parcel."
Further, the statute defines the term "condominium parcel":
"711.03 (8) Condominium parcel means a unit together with the undivided share in the common elements which is appurtenant to the unit."
Additionally, the statute recognizes the status of the condominium parcel as separate real property:
"711.04 (1) A condominium parcel is a separate parcel of real property, the ownership of which may be in fee simple, or any other estate in real property recognized by law."
The statute provides for the creation of the condominium:
711.08, which provides in pertinent part:
"(1) A condominium may be created by recording in the public records of the county wherein the land to be included is located a declaration executed with the formalities of a deed by all persons having title of record to such land, which declaration shall contain or provide for the following matters:
(a) A statement submitting the condominium property to condominium ownership ...
(d) An identification of each unit by letter, name, or number, or combination thereof, so that no unit bears the same designation as any other unit.
.....
(g) The proportions or percentages and manner of sharing common expenses and owning common surplus
.....
(1) Such other provisions not inconsistent with this law as may be desired, including but not limited to those relating to amendment of the declaration . .."
Under the language of the 1971 statute, once the real property has been submitted to condominium status all the units become separate parcels of real property. Title to such parcels may be in fee simple or in any other estate recognized by law; it stands to reason that prior to the sale of a unit, the developer is clearly the unit owner. As such, the developer is liable for assessments that come due while title is held by the developer  regardless of how title is acquired. See Sections 711.14(1) and 711.15, Florida Statutes (1971).
The appellees urge that the intention of the Legislature was to concern itself with the person who acquires title to an individual unit from the developer when referring to common expenses and assessments of the "unit owner",[2] and that there is a clear dichotomy between the "developer" and "unit owner" phraseology which prohibits the developer of a condominium from being *350 considered a unit owner under the circumstances of this cause. We cannot agree, and must reverse the order of summary judgment, as a matter of law.
Case law authority supports our line of reasoning in interpreting the applicable statute. In Margate Village Condominium Association, Inc. v. Wilfred, Inc., 350 So.2d 16 (Fla. 4th DCA 1977), where the court reversed an injunction granted a developer contesting assessments (which included the expenses of litigation brought by the association against the developer), it was held that the developer-lessor, as a unit owner, was subject to the same assessments as other unit owners.[3] In its opinion the court refers to the earlier holding in Century 21 Commodore Plaza, Inc. v. Commodore Plaza at Century 21 Condominium Association, 340 So.2d 945 (Fla. 3d DCA 1976), which stated that there was no abuse of discretion by the lower tribunal in entering its order concluding that the developer pay its prorata share of an assessment, based upon its respective ownership of the common elements. The opinion quotes at 949 from Section 711.15(1), Florida Statutes (1975), which provides in pertinent part:
"A unit owner, regardless of how title is acquired .. . shall be liable for all assessments coming due while he is the owner of a unit."[4]
In our recent holding Dorset House Association, Inc. v. Dorset, Inc., 371 So.2d 541 (Fla. 3d DCA 1979), involving foreclosure of a lien pursuant to Section 711.15, Florida Statutes (1975) for the alleged failure of the unit owner/developer to pay his proportionate share of the maintenance due, this court reversed the summary judgment granted by the trial court in favor of the unit owner/developer on the basis that an issue of fact remained unresolved as to whether the unit owner/developer was obligated for maintenance payments during the "Developers' Maintenance Period", notwithstanding the allegation that said developer was exempted under a provision of the recorded Declaration of Condominium.[5]
In the cause sub judice, we reverse the order of summary judgment as to the first count of the amended complaint alleging that the condominium units owned by the developer, Palm Bay Towers Corporation, are subject to a proportionate share of the common expenses and assessments; that is, the developer-owner shall be liable for its prorata share of such assessments, as a matter of law. Accordingly, the cause is remanded with directions to proceed on this count in a manner consistent with the views expressed herein.
Reversed and remanded.
NOTES
[1] The condominium enabling act was promulgated in 1963; subsequent statutory amendments and revisions have been enacted by the legislature in 1965, 1971, and 1975 through 1978. The chapter has been renumbered. See Chapter 718.
[2] Appellees additionally quote from post-1971 legislation as elucidating upon the intention of the Legislature when it originally enacted the Condominium Act. See § 718.116(8), Florida Statutes which reads:

"No unit owner may be excused from the payment of his share of the common expense of a condominium ... except ... in the following case:
"(a) If the declaration so provides, a developer or other person owning condominium units offered for sale may be excused from the payment of the share of common expenses and assessments related to those units for a stated period of time ... [t]he period must terminate no later than the first day of the fourth calendar month following the month in which the closing of the purchase and sale of the first condominium unit occurs."
Thus, the later statute provides an exception in order to permit the developer to be distinguished from other unit owners for the purpose of common expenses and assessments for a specified time. However, the distinction clearly did not obtain in the statute of 1971 and such exemption may be open to attack as unenforceable. See footnote 5.
[3] The cited opinion states, at 17:

"As a unit owner, Wilfred is subject to the same assessments as other unit owners. And the legality of those assessments is subject to no extra challenge because the unit owner happens, as a matter of coincidence, to be the developer-lessor."
[4] The pre- and post-1975 enactments contain the identical language.
[5] See also, the concurring opinion which discusses the possibility that the developer's affirmative defense that it is exempt by the terms of the Declaration of Condominium may be insufficient as a matter of law on the theory that such contractual exemption is invalid and unenforceable as in conflict with the legislative enactment of 1965, citing Local No. 234 v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla. 1953) for the rule of law followed when resolving conflicts which may arise between contractual provisions and state constitutional (or legislative) provision. It should be noted that the legislature authorized a developer-maintenance period-exemption from assessments in 1976, no such exemption existed prior to that time.