Paul E. HATFIELD and Robert F. Hatfield, Plaintiffs-Appellants,

v.

LA CHARMANT HOME OWNERS ASSOCIATION, INC., an Indiana Not-for-Profit Corporation, and Woodie Stegall, Howard Trockman, Fred White, Robert Swisher, Carl Underwood, Delbert Meyer, Bedford Thurman, Raymond Heseman and Darrell Brown, Unit Owners in La Charmant, a Condominium, and Officers and Directors of La Charmant Home Owners Association, Inc., Defendants-Appellees,

Betty R. Hatfield and Evansville Federal Savings and Loan Association, Non-Appealing Third-Party Defendants.

No. 1–284A44.

Court of Appeals of Indiana, First District.

Oct. 31, 1984.

Rehearing Denied Dec. 11, 1984.

Cedric Hustace, Bowers, Harrison, Kent & Miller, Evansville, for plaintiffs-appellants.

Howard P. Trockman, Newman, Trockman, Lloyd, Flynn & Rheinlander, P.C., Evansville, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Paul E. Hatfield and Robert F. Hatfield appeal from the granting of the appellee's motion for partial summary judgment by the Vanderburgh Superior Court.[1] We affirm.

## FACTS

On February 14, 1979, the developers recorded the "Declaration of Condominium of La Charmant, a Horizontal Property Regime" in the office of the Recorder of Vanderburgh County. At that time, the developers were the sole owners of the 52 condominium units at La Charmant. By October 1982, however, the developers had sold 29 of the 52 units available for sale.

Between February 15, 1979 and August 11, 1982, the developers and Betty R. Hatfield were the only officers and directors of the La Charmant Home Owners Association. Under their direction, the association assessed owners of units purchased from the developers for expenses incurred in the maintenance and repair of the common areas and facilities. These assessments began in October 1979. No unit owned by the developers, however, was subjected to these common area assessment charges.

---

1. We will refer to Paul E. Hatfield and Robert F. Hatfield as "the developers." La Charmant Home Owners Association, Inc. and its directors and officers will be referred to collectively as "the association" in this opinion.

In August 1982, following the election of new officers and directors, the association notified the developers of their past due assessment charges. On October 1, 1982, the association filed two notices of its intention to hold liens, in the principal amounts of $49,003.50 and $32,052.33, on the units which the developers continued to hold for sale.[2] These liens covered the unpaid assessment charges which accrued between October 1979, and September 1982, on the developer's unsold units.

The developers subsequently filed a seven count complaint seeking damages for and injunctive relief from the association's notices of its intention to hold liens. The association then filed its answer and a four count counterclaim and third party complaint. In this counterclaim and third party complaint, the association sought, among other things, foreclosure of the liens and damages from the developers and Betty R. Hatfield for their failure to assess the developers for the common expenses chargeable to the units owned by them.

On May 10, 1983, the association moved for partial summary judgment on their counterclaim and third party complaint. The trial court granted their motion ruling that the developers were liable for common expense assessments just as any other unit owner at La Charmant would be. In its order, however, the court specifically reserved the question of the actual amount of the past due assessments the developers would be required to pay to the association. The developers then perfected this appeal.[3]

## ISSUE

Whether the Indiana Horizontal Property Law requires condominium developers to pay common expenses which have been as-

sessed by the association of co-owners on uncompleted and unsold condominium units.

## DISCUSSION AND DECISION

This appeal is from a grant of partial summary judgment. As this court has stated on a number of occasions, summary judgment is appropriate only where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Sink & Edwards, Inc. v. Huber, Hunt & Nichols, Inc.*, (1984) Ind. App., 458 N.E.2d 291, 295, *trans. denied; Tippecanoe Sanitary Landfill, Inc. v. Board of County Commissioners*, (1983) Ind.App., 455 N.E.2d 971, 974, *trans. denied* (1984); *see also* Indiana Rules of Procedure, Trial Rule 56(C). In the present case, the trial court found that there were no issues of material fact in dispute. The record supports this conclusion. Thus, the only question presented to this court is whether the trial court correctly applied the law. *Nahmias v. Trustees of Indiana University*, (1983) Ind.App., 444 N.E.2d 1204, 1206, *trans. denied.* This necessitates a brief discussion of the operation of Indiana's Horizontal Property Law.[4]

The Indiana Horizontal Property Law sets forth a simple and direct statutory guide for the development and maintenance of a horizontal property regime. When the owner or owners of the property record the declaration of condominium, each unit becomes a separate and distinct parcel of realty. Indiana Code section 32–1–6–4 (Burns 1980). Obviously, the person or persons who held title to the property prior to recordation also hold the titles to the new condominium units. Thus, after the declaration is recorded, the owner or own-

---

2. The association did file an earlier notice of its intention to hold a lien in the principal amount of $109,099.96 together with penalties, interest and attorney's fees. The two liens filed on October 1, 1982, however, expressly superseded this earlier lien.

3. Third party defendants Betty R. Hatfield and Evansville Federal Savings and Loan Association have not appealed from the trial court's entry of partial summary judgment.

4. Indiana's Horizontal Property Law is found in Indiana Code sections 32–1–6–1 to 32–1–6–31. Indiana Code section 32–1–6–3 (Burns 1980) states:

"32–1–6–3 [56–1203]. Declaration to come under act.—This chapter shall be applicable only to property, the sole owner or all of the owners of which submit the property to this chapter by duly executing and recording a declaration as provided in this chapter."

ers of the original parcel of property become "co-owners" under the Horizontal Property Law. Indiana Code section 32–1–6–2(e) (Burns 1980). They remain "co-owners" until all units they hold title to are conveyed to other parties.

The Indiana Horizontal Property Law requires "co-owners" to pay for common expenses according to their percentage of the undivided interest in the common areas and facilities. Indiana Code sections 32–1–6–11, 32–1–6–22 (Burns 1980). These common expenses include the expenses related to maintenance and repairs of the common areas and facilities and any other expenses the "co-owners" agree to pay. Indiana Code section 32–1–6–2(i) (Burns 1980). Our statute provides no exemptions from these assessments for any "co-owner." Thus, it stands to reason, that if a developer is a "co-owner" under the terms of the Horizontal Property Law, he will be subject to assessments made by the association for common expenses.

■ The developers in this case are clearly "co-owners" under the Indiana Horizontal Property Law. At the time the "Declaration of Condominium of La Charmant" was recorded, the developers were the sole owners of the property. Thus, upon recordation of the declaration, they became seized of each individual condominium unit and, consequently, "co-owners" under the statute. They were, therefore, subject to assessment by the association for all periods here in question. The trial court did not err when it entered partial summary judgment in favor of the association.

■ Our appellate courts have never before had occasion to construe the Indiana Horizontal Property Law. Of course, when construing an Indiana statute we are not bound by decisions of foreign jurisdictions.

*McKenna v. City of Fort Wayne*, (1981) Ind.App., 429 N.E.2d 662, 664. However, when construing an Indiana statute for the first time, it is appropriate to look to the decisions of other states which interpret statutory language which is identical or of similar import. *Id.* While not identical to the Indiana Horizontal Property Law, the Florida statutory provisions governing condominiums, particularly those relating directly to the issues presented in this appeal, are very similar. A number of Florida cases have held that a developer who holds titles on unsold units is a unit owner and thus subject to the same assessments as any other unit owner. *See e.g., Brooks v. Palm Bay Towers Condominium Association, Inc.,* (1979) Fla.Dist.Ct.App., 375 So.2d 348, 349; *Margate Village Condominium Association, Inc. v. Wilfred, Inc.,* (1977) Fla.Dist.Ct.App., 350 So.2d 16, 17; *Century 21 Commodore Plaza, Inc. v. Commodore Plaza at Century 21 Condominium Association, Inc.,* (1976) Fla.Dist. Ct.App., 340 So.2d 945, 949. We find the analysis presented in these cases to be persuasive authority in support of the position we have adopted.

■ In their brief, the developers assert that they are not liable under the Horizontal Property Law for assessments on the uncompleted units they own.[5] They argue first that the statute recognizes the concept of habitability before assessment. However, we find no such distinction made in the language of the statute. Secondly, the developers urge that the easement over the common areas and facilities, which the statute grants to them for the purpose of making improvements in the units, is in effect a statutory exemption from assessments during the construction phase.[6] The

5. In their briefs the developers concede that if the uncompleted units were owned by others, they would be subject to assessment. They also allow, that if their units were completed they too would be subject to assessment.

6. Indiana Code section 32–1–6–15.4 (Burns 1980) states:
  "Subject to any restrictions and limitations in the condominium instruments, the declar-

ant shall have a transferable easement over and upon the common areas and facilities for the purpose of making improvements within the condominium or additional real estate pursuant to the provisions of those instructions and this chapter, and for the purpose of doing all things reasonably necessary and proper in connection therewith."

statutory easement merely gives its holder the right to use the common areas in making improvements to the units. It grants no express exemption from the common expense assessments. We think that to interpret it as implicity doing so is unwarranted in this situation. The developers have not convinced this court that they are entitled to an exemption under the statute.

Finally, in their briefs, the parties addressed the issue of whether or not the declaration of condominium and the bylaws of La Charmant in any way affect the developer's liability for payment of common expenses. We have carefully reviewed the provisions of these documents. They do not provide the developers with an exemption from common expense assessments on their uncompleted units. Even if such an exemption were to be found in the declaration or bylaws it could not be enforced by this court. The Indiana Horizontal Property Law requires "co-owners" to pay their proportionate share of the common expenses. Indiana Code sections 32–1–6–11, 32–1–6–22 (Burns 1980). A private agreement, in the nature of a contract, could not relieve the developers of this statutorily imposed obligation. *Meehan v. Meehan*, (1981) Ind., 425 N.E.2d 157, 160; *Brokaw v. Brokaw*, (1980) Ind.App., 398 N.E.2d 1385, 1388. Thus, as long as the developers remain "co-owners," their units are subject to assessment for common expenses regardless of the terms of the declaration and bylaws.

The trial court's grant of partial summary judgment is affirmed. We remand for further proceedings consistent with this opinion.

NEAL, P.J., and ROBERTSON, J., concur.