466 So.2d 1071 (1984)
PALM BAY TOWERS CORPORATION, Conwall, Inc. and the Palm Bay Club, Inc., Appellants,
v.
Phillip B. Brooks and Betty Brooks, et al., Appellees.
No. 84-576.
District Court of Appeal of Florida, Third District.
September 18, 1984.
On Rehearing February 26, 1985.
As Corrected on Denial of Rehearing April 22, 1985.
Fine, Jacobson, Schwartz, Nash, Block & England, and William J. Berger, Miami, for appellants.
Shalle Stephen Fine, Coral Gables, for appellees.
Before HUBBART, NESBITT and BASKIN, JJ.
On Rehearing En Banc February 26, 1985.
NESBITT, Judge.
The defendants, the developer and other related entities, appeal a summary judgment entered in favor of the plaintiffs, past unit owners in the condominium development known as Palm Bay Towers Condominium. We reverse.
We find it unnecessary to spell out the factual and procedural history of this case in order to dispose of the issues presented on this appeal. Suffice it to say that the plaintiffs are suing to recover assessments paid by them which were allegedly owed by the defendants. The defendants' liability for the assessments allegedly arose from their pre-sale ownership of a number of the condominium units. These parties were previously before this court in Brooks v. Palm Bay Towers Condominium Association, 375 So.2d 348 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 640 (Fla. 1980), which will be discussed in more detail below.
Initially, it must be noted that the property involved was submitted to condominium ownership in April 1972, and, therefore, the Condominium Act of 1971 is applicable. *1072 See §§ 711.01-.32, Fla. Stat. (1971).[1] Accordingly, all references herein are to the 1971 statutes unless otherwise indicated.
The defendants' principal contention is that their affirmative defenses raised disputed issues of material fact precluding summary judgment, and that the trial court improperly struck those defenses. The defenses primarily concern waiver and a provision under Article XV of the declaration of condominium which provides in pertinent part:
All assessments levied against the owners of units and said units shall be uniform ... unless specifically otherwise provided for in this Declaration of Condominium... . Should the developer or association be the owner of any units, no assessment therefore [sic] shall be made to the developer or association so long as it is the owner, unless those units so held are actually occupied by developer or association and in this event, said unit(s) shall be assessed as all other units. [emphasis added]
The trial court struck the defendants' affirmative defenses and entered summary judgment on the only ground raised by the plaintiffs, namely, that this court had previously determined the defendants' liability in Brooks.
The statement in our prior decision relied upon by both the trial court and the plaintiffs is:
the developer-owner shall be liable for its prorata [sic] share of such assessments, as a matter of law.
Brooks, 375 So.2d at 350. Admittedly, this statement, taken out of context, appears to control as to the defendants' liability. The developer's ultimate liability, however, was not before this court in Brooks. The sole issue presented was whether a condominium developer, while holding units for sale, was a "unit owner" within the purview of Chapter 711, Florida Statutes (1971). 375 So.2d at 348. Our decision in Brooks states that:
prior to sale of a unit, the developer is clearly the unit owner. As such, the developer is liable for assessments that come due while title is held by the developer ... [emphasis added]
375 So.2d at 349. Therefore, our decision in Brooks did not determine the ultimate liability of the defendants, it merely found that the developer should be considered a unit owner under the statutes.
The plaintiffs' primary contention is that the provision in the declaration relied upon by the defendants is contrary to the condominium act and therefore invalid and unenforceable. We therefore turn to the statutes to test this contention.
Generally, an assessment is the charge levied against a condominium unit owner to raise the necessary money to pay common expenses. § 711.03. The charge is "assessed against unit owners in the proportions or percentages of sharing common expenses provided in the declaration." [emphasis added] § 711.14(2). It is apparent, therefore, that the statute allows the burden of paying the common expenses by way of assessments to be shifted among the unit owners by provisions in the declaration. See Suntide Condominium Association v. Division of Florida Land Sales & Condominiums, 409 So.2d 65 (Fla. 1st DCA 1982). This is made clear in section 711.08(1)(g) which provides that the declaration shall contain or provide for the proportions or percentages and manner of sharing common expenses.[2] Accordingly, we find that the provision in question, which attempts to shift the burden of paying the common expenses among unit owners, is not contrary to the condominium statutes as they existed in 1971.[3]
*1073 In addition, section 711.15 is of no assistance to the plaintiffs. It provides in pertinent part:
A unit owner, regardless of how title is acquired,... shall be liable for all assessments coming due while he is the owner of the unit. [emphasis added]
§ 711.15(1). Before a unit owner is liable for an assessment, that assessment must be due against him.[4] In the prior Brooks decision, this court held that the developer was a "unit owner" within the meaning of section 711.15, but we did not determine whether any assessments were due, as that issue had not been litigated in the trial court and was not before us. See Brooks, 375 So.2d at 349. Accordingly, we find that it was error for the trial court to strike the defendants' affirmative defenses, which in material part relied upon the provision in the declaration quoted above.
The defendants contend that the provision in the declaration effectively waived any rights the plaintiffs may have had to require the developer to pay assessments on units that were being held for sale. See Point East Management Corp. v. Point East One Condominium Corp., 282 So.2d 628 (Fla. 1973), cert. denied, 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974). Since the trial court improperly struck this defense, the issue has never been litigated below. We find that this defense does raise a genuine issue of material fact which precludes the entry of summary judgment. See Dorset House Association v. Dorset, Inc., 371 So.2d 541 (Fla. 3d DCA 1979).[5]
The summary judgment involved on this appeal was entered against Palm Bay Towers Corporation, Conwall, Inc., The Palm Bay Club, Inc. and the estate of Cornelia Dinkler, deceased. Although we have already determined that the entry of summary judgment was error, we will also consider the defendants' contention that judgment specifically against Conwall and The Palm Bay Club was error.
According to an order dated June 1, 1983, the plaintiffs advised the trial court that they were abandoning their claim as against The Palm Bay Club. The court, therefore, in that order dismissed the action against The Palm Bay Club, Inc.[6] Accordingly, the court's later entry of summary judgment against the club, which was no longer a defendant, was clearly error.[7]
As to the liability of Conwall, Inc., the plaintiffs argue that Conwall, Palm Bay Towers Corporation and Cornelia Dinkler are indistinguishable entities and that therefore Conwall is a proper party. In effect, the plaintiffs are arguing that the entities are mere instrumentalities or alter egos of each other. This theory of liability, however, certainly is not made clear in the complaint, and the pleadings, as they now stand, may properly be subject to a motion *1074 to dismiss as against Conwall, Inc.[8]See Vantage View, Inc. v. Bali East Development Corp., 421 So.2d 728 (Fla. 4th DCA 1982). In any event, Conwall, Inc. certainly disputes its liability as evidenced by its initial answer and, therefore, the entry of summary judgment against it was error. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Levey v. Getelman, 408 So.2d 663 (Fla. 3d DCA 1982).
Accordingly, the judgment under review is reversed and the cause remanded for further proceedings.

On Motion for Rehearing En Banc
Before SCHWARTZ, C.J., and BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The court has considered this case en banc because of its determination that the panel opinion directly conflicts with the prior decision in this very litigation, Brooks v. Palm Bay Towers Condominium Assn., Inc., 375 So.2d 348 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 640 (Fla. 1980). In our view, the panel's conclusion that the terms of the Declaration of Condominium overrule the obligation imposed by §§ 711.14-15, Fla. Stat. (1971) that the developer-unit owner pay the assessments in question is incorrectly contrary not only to what was both necessarily and explicitly determined in our previous decision, 375 So.2d at 350, but to the general rule concerning the invalidity of a private agreement which contravenes a governing statute. Local 234, U.A.J.A. v. Healey & Beckwith, Inc., 66 So.2d 818 (Fla. 1953); Anderson v. Fuller, 51 Fla. 380, 41 So. 684 (1906); 11 Fla.Jur.2d Contracts § 83 (1979). This principle must be given special force in the condominium field in which the legislature has found it necessary statutorily to overcome just the sort of purportedly-arms-length, but actually self-dealing-type of "agreement" represented by the provision of the Declaration of Condominium upon which the appellants now rely. Note, Florida Condominiums  Developer Abuses and Securities Law Implications Create a Need for a State Regulatory Agency, 25 U.Fla.L.Rev. 350, 353-55 (1973). Accordingly, the panel opinion is vacated and the order below as to the appellant, Palm Bay Towers Corporation, is
Affirmed.
NESBITT, Judge (dissenting).
I respectfully dissent from the majority opinion on rehearing. Contrary to the majority's characterization, the panel opinion does not conclude that provisions in the declaration overrule obligations imposed by sections 711.14-.15, Florida Statutes (1971). Rather, the panel opinion concludes that the declaration provision in question is consistent with those statutes.
In addition, the majority's concern over the "self-dealing-type of `agreement' represented by the provisions of the Declaration" has been rejected by the supreme court in Point East Management Corp. v. Point East One Condominium Corp., 282 So.2d 628 (Fla. 1973), cert. denied, 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974), where the dissent expressed a similar concern. 282 So.2d at 632-33 (Ervin, J., dissenting). The supreme court held:
Admittedly, a prospective purchaser had no option as to the management contract, but he knew or should have known that the contract was part of the purchase price of his condominium unit. Considered in that light, enforcement of the contract cannot be said to work a hardship on the present condominium owners.
*1075 Point East, 282 So.2d at 630. The fact that the legislature has recognized a problem and, subsequent to the filing of the present declaration in 1972, passed legislation which limits the time a developer can avoid assessments to a maximum of four months after the closing and sale of the first unit, see ch. 76-222, § 1, Laws of Fla.; § 718.116(8)(a), Fla. Stat. (1983), does not support the majority's conclusion here. Certainly, any such legislation cannot be applied retroactively to affect obligations under pre-existing contracts. See State, Department of Transportation v. Edward M. Chadbourne, Inc., 382 So.2d 293, 296-97 (Fla. 1980); Pomponio v. Claridge of Pompano Condominium, Inc., 378 So.2d 774 (Fla. 1979); Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975); Point East One Condominium Corp. v. Point East Developers, Inc., 348 So.2d 32 (Fla. 3d DCA 1977). Like the legislature, the judiciary is constitutionally bound to preserve the sanctity of contract provisions. Lee County Bank v. Christian Mutual Foundation, Inc., 403 So.2d 446 (Fla. 2d DCA 1981), review denied, 412 So.2d 464 (Fla. 1982). In my view, the majority here impermissibly impairs obligations in a legally valid contract. See art. I, § 10, U.S. Const.; art. I, § 10, Fla. Const.; Yamaha Parts ("Virtually no degree of contract impairment has been tolerated in this state.")
Courts may properly resort to public policy embodied in a statute to determine legislative intent, but they should not create a public policy by judicial fiat in order to hold an otherwise legal contract provision illegal. Because I find the declaration provision in question does not contravene the 1971 condominium statutes, I would adhere to the original panel opinion and deny the motion for rehearing en banc.
HUBBART and BASKIN, JJ., concur.
HUBBART, Judge (dissenting).
Based on the analysis made by Judge Nesbitt in his dissenting opinion, I think there is no conflict between the three-judge panel opinion herein and the prior opinion of this court in Brooks v. Palm Bay Towers Condominium Association, 375 So.2d 348 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 640 (Fla. 1980); consequently, no basis exists, in my view, for the court to assume en banc jurisdiction in this case under Fla.R.App.P. 9.331. I would deny the appellees' motion for rehearing en banc.
BASKIN, J., concurs.
NOTES
[1] The condominium act has been substantially revised and renumbered since 1971 and is now codified in Chapter 718 of the Florida Statutes. See §§ 718.101-.1255, Fla. Stat. (1983).
[2] See also § 711.18(1):

(1) The liability of the owner of a unit for common expenses shall be limited to the amounts for which he is assessed from time to time in accordance with this law, the declaration and bylaws. [emphasis added]
[3] We further find that the provision in the declaration is not contrary to any perceived overriding public policy. See Local No. 234 of United Association of Journeymen & Apprentices of Plumbing & Pipefitting Industry of United States & Canada v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla. 1953).

Cf. Talco Capital Corp. v. Canaveral International Corp., 225 F. Supp. 1007, 1013 (S.D.Fla. 1965) ("[A] contract in violation of a statute, which statute does not expressly declare such contract void, will be enforced unless there is some other indication within the statute of legislative intent to invalidate such contract."), aff'd, 344 F.2d 962 (5th Cir.1965).
[4] See supra note 2.
[5] We note that the decision in this case is entirely consistent with the majority opinion in Dorset. The "concurring" opinion by Judge Schwartz, referred to in dicta in Brooks, 375 So.2d at 350, n. 5, is in effect a dissenting opinion. If the views of Judge Schwartz had been adopted by the majority in Dorset, the summary judgment would not have been reversed on the ground that there existed a genuine issue of fact. See Dorset, 371 So.2d at 542.
[6] We further note that the only place The Palm Bay Club, Inc. is mentioned in the plaintiffs' complaint is in the opening paragraph which names the club as a defendant. No allegations concerning the liability of the club are set forth in the complaint, and no relief is sought against the club in the prayer for relief. Therefore, even without the plaintiffs' abandonment, the pleading, as against The Palm Bay Club, Inc., would properly have been dismissed as it was insufficient to inform the club of the nature and theory of the cause of action against it. See Wells v. Brown, 303 So.2d 395 (Fla. 2d DCA 1974); see also Fla.R.Civ.P. 1.110(b).
[7] The plaintiffs, in fact, have not even attempted to refute the defendants' argument in this regard.
[8] Paragraph six of the complaint, which contains the material allegations involved here, states that the units in question were owned by Palm Bay Towers Corporation, the developer. Any relationship between Palm Bay Towers Corporation and Conwall, Inc. is not alluded to in the complaint. The only allegations directed at Conwall indicate that Conwall relies upon the exception provision in the declaration of condominium and that "under the terms of the condominium act, the unit owner, to-wit: the developer, CONWALL or MRS. DINKLER ... is liable for assessments... ." It is far from clear, from these allegations, what theory the plaintiffs are proceeding upon against Conwall, Inc. Further, in their prayer for relief, the plaintiffs do not seek any relief against Conwall, Inc.