526 So.2d 982 (1988)
BRICKELL BISCAYNE CORPORATION, Appellant,
v.
The PALACE CONDOMINIUM ASSOCIATION, Appellee.
No. 87-1444.
District Court of Appeal of Florida, Third District.
May 31, 1988.
As Corrected June 21, 1988.
Rehearing Denied July 19, 1988.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Byron G. Petersen and Ronald M. Rosengarten, Miami, for appellant.
Becker, Poliakoff & Streitfeld and David H. Rogel, Fort Lauderdale, for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.

CORRECTED OPINION
DANIEL S. PEARSON, Judge.
In this appeal, Brickell Biscayne Corporation, the owner of 65 of the 254 units at the Palace Condominium, contends that its status as the defendant-developer in a lawsuit brought by the association for construction defects relieves it of any obligation to pay the special assessment levied against all unit owners by the appellee condominium association to finance the litigation. On cross-motions for summary judgment, the trial court, although recognizing the irony of making the developer finance litigation against itself, correctly found Brickell Biscayne liable for the assessment under Brooks v. Palm Bay Towers Condominium Association, Inc., 375 So.2d 348 (Fla. 3d DCA 1979), appeal after remand, 466 So.2d 1071 (Fla. 3d DCA 1984); Century 21 Commodore Plaza, Inc. v. Commodore Plaza at Century 21 Condominium Association, Inc., 340 So.2d 945 (Fla. 3d DCA 1977); and Margate Village Condominium Association, Inc. v. Wilfred, Inc., 350 So.2d 16 (Fla. 4th DCA 1977). These cases clearly establish that a developer who owns condominium units is required to pay assessments levied by the condominium association as is any other unit owner, even when the purpose of the assessment is to finance legal action against the developer.
In a belated attempt to avoid the adverse impact of these cases, the developer claims on appeal for the first time that some portion of the assessment may be attributable to the expense of the litigation concerning defects to other than common elements and *983 thus cannot be charged to it without unconstitutionally impairing its decision to opt out of the plaintiff class in the action brought by the association. We decline to address the merits of this claim because it was never raised by the pleadings or presented to the trial court for ruling. It is axiomatic that this court will not address arguments or claims made for the first time on appeal. Cowart v. City of West Palm Beach, 255 So.2d 673 (Fla. 1971); Mariani v. Schleman, 94 So.2d 829 (Fla. 1957); Jones v. Neibergall, 47 So.2d 605 (Fla. 1950); Financial Venture Consultants, Inc. v. North Shore Realty Corp., 218 So.2d 506 (Fla.3d DCA 1969).
Affirmed.