LEHAN, Acting Chief Judge.
We agree with the trial court’s ruling, entered in response to defendant’s motion for summary judgment, that no PIP insurance proceeds were owed to plaintiff under a policy containing an $8,000 deductible because it was uncontroverted that plaintiff’s damages did not exceed $8,000. However, as we will explain, plaintiff should be given the opportunity to amend.
Plaintiff, citing Fortune Insurance Co. v. Sims, 464 So.2d 251 (Fla. 4th DCA 1985), argues that no deductible was applicable because the insurance company had failed to ascertain whether plaintiff had disability insurance which would cover the amount of the $8,000 deductible and had failed to advise plaintiff that she could not select that deductible if she did not have such disability insurance. However, if that was the basis for plaintiff’s suit, the complaint should have so alleged. The complaint incorporates the insurance policy and, as the pleadings stood before the trial court at the summary judgment hearing, plaintiff was suing upon a policy which contained an applicable $8,000 deductible.
In order to obtain a summary judgment defendant was required to controvert the case which had been pleaded, as defendant did, not to anticipate and controvert a case which had not been pleaded. “Since the material issues in any case are those which are relevant to the issues made by the pleadings, it follows that the [summary judgment] movant’s burden is limited to making the required showing only as to those issues.” Holl v. Talcott, 191 So.2d 40, 47 (Fla.1966).
Nonetheless, the trial court should have allowed plaintiff to amend to attempt to cure the deficiency. See Dorset House Ass’n v. Dorset, Inc., 371 So.2d 541 (Fla. 3d DCA 1979).
Reversed and remanded for proceedings consistent herewith.
HALL and PATTERSON, JJ., concur.