THOMAS F. KING, v. DUVAL COUNTY, a Political Subdivision of the State of Florida, C. RAY GREENE, as Chairman, D. C. BROWN, FRED E. BIGGS, J. G. CARY and R. T. GRAY, as members of The Board of County Commissioners of Duval County, Florida, FRANK GRAY, GEORGE W. PARKHILL and GEORGE J. AVENT, as Trustees of the St. Johns River Bridge Bonds of Duval County.

174. So. 817.

Opinion Filed June 3, 1937.

R. R. Axtell and W. Gregory Smith, for Appellant.

John E. Mathews, R. A. Baker and Julian E. Fant, for Appellees.

HUTCHISON, Circuit Judge.—This is an appeal from an interlocutory decree of the Circuit Court denying an application for a temporary restraining order, and dismissing complainant's bill of complaint. Appellant as the plaintiff filed his bill of complaint seeking to enjoin the defendants, Duval County and the seveal members of the Board of County Commissioners of Duval County, Florida, from taking steps to exercise the power of eminent domain to acquire right-of-way, lands, easements and franchises necessary to be acquired in order to construct a bridge to be known as the Main Street Bridge at the terminus of Main Street in Jacksonville, Florida, and to enjoin the several Trustees of the St. Johns River Bridge Bonds of Duval County, Florida, from paying judgments obtained in condemnation of said right-of-way, lands, easements and franchises out of the proceeds of the tolls derived from the operation of the present St. Johns River Bridge or Broad Street Bridge now in said Trustees' hands, all of the aforesaid being as provided by Sections 13 and 14 of Chapter 17246, Laws of Florida, 1935. The injunction was denied by the Circuit Court and the plaintiff's bill of complaint was dismissed.

390

From the facts admitted by the pleadings it appears that the Trustees of the St. Johns River Bridge bonds under the mandatory provisions of Section 6 of Chapter 7462, Laws of Florida, 1917, out of the net tolls turned over to them, after payment of costs of operation and maintenance of the bridge by the defendant, Duval County, have set up and provided a "sinking fund for said bonds;" that of the bonds issued under the Act, there are now unpaid and outstanding only seventy-one (71) bonds, of a par value aggregating $71,000.00. That the sum of $71,000, represented by the par value of said bonds has been set aside in the sinking fund so set up and provided and an additional amount sufficient to pay and discharge all interest accrued and to accrue on said bonds up to the time of their maturity; that said Trustees have also set aside the further sum of $50,000, as an Emergency Repair Fund for the repair of said bridge; that said Trustees have in their hands, over and above said "sinking fund," including the principal and interest to accrue on the outstanding bonds and the Special Emergency Repair Fund, a surplus accumulation out of net tolls of $234,726.86; that all the funds now in the hands of the Trustees are net, after deducting cost of operation and the payment of all costs of repairs and maintenance to date; that tolls continue to be collected, for the purpose of operation, maintenance and repair of said bridge and approaches, as provided in Section 6 of Chapter 7462, Laws of Florida 1917.

The sole question raised by the pleadings and the facts thereby admitted, in short, is whether or not the proposed use of these surplus St. Johns River Bridge funds or revenues for the purpose set forth in Chapter 17246, Laws of Florida, 1935, would be an impairment of the contract of the plaintiff, as a bondholder, with the defendant Duval

County, under terms of Chapter 7462, Laws of Florida, 1917.

The obligation of a contract consists in its binding force on the party who makes it, measured by the law in existence when it is made which forms a part of it, as the measure of the obligation to perform the contract by one party and the right acquired by the other. The Constitution refers to and preserves the legal not the moral obligation of a contract.

By paragraphs 2 and 3 of Section 6 of Chapter 7462, Laws of Florida 1917, appellant as a holder and owner of bonds issued under pursuance of said Chapter had the right to have the tolls therein mentioned, in excess of those expended in the maintenance and repair of the bridge, "expended" in the payment of interest on his bonds and in providing a sinking fund for said bonds.

A fund having been provided and set aside by the Bridge Bond Trustees out of said tolls sufficient to pay the principal of all outstanding bonds and interest thereon until maturity thereof, as provided and required by paragraph 2 and paragraph 3 of Section 6 of Chapter 7462, Laws of Florida 1917, becomes thereby a trust fund to be used for no other purpose. When this sinking fund was thus provided a trust fund was thereby created for the benefit of the bondholders, from a sufficient portion of the tolls collected, to discharge and pay off all outstanding bonds and interest thereon at maturity, and the bondholders no longer have any legal interest in the administration or expenditures of other surplus funds derived from tolls by Duval County, the other party to the bond contract.

Chapter 7462, Laws of Florida 1917, makes no allocation of excess tolls.

Although accumulated in the hands of the Trustees this surplus of unallocated tolls collected is county property.

In Flint v. Duval County, *et al.,* 126 Fla. 18; 170 So. 587, we held:

"The pledge of funds from the surplus fund of the Broad street bridge revenue is not a pledge of a tax resource, but a toll derived from charges for the use of a special public highway utility, which charges or tolls more than pay for the construction and operation of the bridge, the surplus over operation expenses and construction bond payments being the property of the county which it may appropriate for county purposes as the law directs."

It follows from what has been said that the order of the learned Chancellor denying the temporary injunction and dismissing the bill of complaint should be and is hereby affirmed.

Affirmed.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

WHITFIELD, J., absent because of illness.