409 So.2d 65 (1982)
SUNTIDE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
DIVISION OF FLORIDA LAND SALES & CONDOMINIUMS, Appellee.
No. YY-238.
District Court of Appeal of Florida, First District.
January 12, 1982.
Rehearing Denied February 23, 1982.
*66 F. Shields McManus, McManus, Stewart & Ferraro, Stuart, for appellant.
Richard E. Gentry, Division of Florida Land Sales and Condominiums, Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant seeks review of final agency action in the form of a cease and desist order which requires that appellant refrain from assessing a condominium's common expenses equally against each unit owner. Appellant contends that the Division is without authority to enter such a cease and desist order, and that the Division's order in this case violates the constitutional prohibition against the impairment of contractual obligations. We find that the Division has the authority to enter a cease and desist order, but the record is inadequate to permit review of the constitutional issue presented. We therefore affirm the order as to the Division's authority, and relinquish jurisdiction to the Division for further proceedings which will develop a record permitting review of the constitutional issue.
Appellant represents a condominium which was being formed in 1975, with a proposed declaration of condominium which provided that expenses for the common elements of the condominium be assessed equally against each unit owner. This assessment method was in accordance with § 711.14, Florida Statutes (1974), which provided that common expenses may be assessed "according to the declaration... ." At least two contracts for the purchase and sale of Suntide Condominium Units were executed prior to July 1, 1975, when the statute [now § 718.115] was amended to provide that common expenses must be assessed against unit owners "in the same proportions as their ownership interest in the common element." Although the contracts were formally executed prior to the effective date of the statute, these contracts contained a clause permitting the developer to cancel the contract unilaterally if he determined not to submit the property to a Condominium Plan of Ownership. The proposed declaration was executed prior to, but formally recorded after, the effective date of the statutory amendment.
A complaint was filed with the Division and an administrative hearing was held as to the propriety of a cease and desist order. The hearing officer determined that the Division's cease and desist powers, pursuant to § 498.051, Florida Statutes, relate only to advertising and sales practices and are thus inapplicable in this instance. The Division rejected the hearing officer's conclusion as to the inapplicability of § 498.051, and entered an order that appellants must cease and desist from any common element assessment scheme which is contrary to the proportion of ownership formula required by § 718.115(2).
The Division's authority is delineated in the "Condominium Act," Chapter 718, Florida Statutes. Part V, which mainly relates to presale disclosure, also grants the Division an ongoing regulatory authority as to the ownership, operation, and management of residential condominium units. See § 718.501(1), Florida Statutes. This section provides that the Division "may issue cease and desist orders pursuant to § 478.171" [now § 498.051] if the Division has reasonable cause to believe that a violation of any provision of Chapter 718 has occurred. See § 718.501(1)(b)1, Florida Statutes. While § 498.051 is contained in the "Florida Uniform Land Sales Practices Law," it has been specifically incorporated by reference in Chapter 718. See generally In re Opinion for the Governor, 60 So.2d 321 (Fla. 1952). The Division therefore has the authority to enter a cease and desist order in accordance with its regulatory authority as to the ownership, operation, and management of residential condominium units.
Article I, section 10 of the Florida Constitution provides that "no ... ex post facto *67 law or law impairing the obligation of contracts shall be passed." See generally, Fleeman v. Case, 342 So.2d 815 (Fla. 1977). While the condominium in the present case was not legally created (by recording the declaration in accordance with § 718.104(2)) until after the effective date of the contested amendment to § 718.115, nevertheless the developer and purchaser may have made, prior to the effective date of the amendment, a contract entitled to article I, section 10, protection. However, the present record does not contain the factual predicate necessary for a determination of this issue.
Article I, section 10, protection is afforded only to those obligations which result from valid and binding contracts. Cf., King v. Duval County, 128 Fla. 388, 174 So. 817 (1937). In the present case the developer has reserved a unilateral right to cancel the agreement by electing not to submit the property to a Condominium Plan of Ownership. While the introductory clause of the agreement indicates that a proposed Condominium Plan was promulgated, neither the agreement nor the record in this case indicates when the developer elected to submit the property to the Plan, thereby binding himself to the agreement and creating a legally recognized contract. Article I, section 10, protection did not attach until the contract was so created, and it is thus essential for resolution of the constitutional issue that the record reveal whether the election was made, and the contract created, prior to the effective date of the amendment to § 718.115.
In determining that the Division was without authority to enter a cease and desist order, the hearing officer did not address the issue of whether the amendment to § 718.115 was intended to apply retroactively so as to encompass condominiums subject to contracts existing prior to the effective date of the statutory amendment. The hearing officer also failed to consider whether the present case involves a legally recognized contract which preexisted the statutory amendment, and a factual predicate was not adequately developed on this issue. In entering its final order the agency likewise did not address these issues. Accordingly, this court will relinquish jurisdiction to the Division for further proceedings on these issues. See Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844 (Fla. 1st DCA 1980). Such proceedings should develop a record sufficient for determination, if necessary, of the constitutional question presented by this appeal.
The order appealed is affirmed as to the Division's authority to enter the contested order, and jurisdiction is otherwise relinquished for further proceedings in accordance with this opinion.
BOOTH and SHAW, JJ., concur.