WENTWORTH, Judge.
This is an appeal from a declaratory statement issued by appellee pursuant to appellant’s request under § 120.565, Florida Statutes. We affirm.
Appellant is a manufacturer and importer of alcoholic beverages and is the sole licensee of Appleton brand rum products. It buys rum in bulk from Jamaica and bottles it under the Appleton brand at a distillery in Kentucky. Appellant acquired the Appleton license on December 8, 1981. On February 3, 1982, it petitioned appellee for a declaratory statement that § 565.-095(5) was inapplicable in this situation, where the Appleton label had been sold to Florida distributors by the manufacturer/importer previously licensed to sell the brand acquired by appellant. Appellee determined that the statute did apply, and this appeal followed.
Section 565.095(5) provides in part that:
No brand or label registered hereunder or any brand or label of wine may be withdrawn from any distributor after it has been sold by a manufacturer to any distributor unless good cause for its withdrawal is shown by the manufacturer.
By this appeal appellant argues that: (1) appellee incorrectly found that the statute applies to appellant, and (2) application of the statute in this situátion would result in an unconstitutional impairment of its right to contract.
The Appleton brand handled by appellant is clearly a “brand or label registered” under the statute, and it has just as clearly “been sold by a manufacturer to” the distributor Southern Wine and Spirits, appearing as amicus in this case. Although the manufacturer which previously sold to Southern Wine was appellant’s predecessor, the statute controls the withdrawal of a registered brand or label from any distributor, and is not limited to withdrawal by a manufacturer which has previously sold that brand. The appellee agency therefore correctly found that, under the statutory terms, good cause must be shown before the Appleton brand or label may be withdrawn by appellant. If the legislature had intended to exempt labels in distribution under a predecessor manufacturer it could have done so. We will not infer such an intent, particularly where, as here, the exemption would not serve any purpose consistent with the statutory proscription.
Appellant’s primary argument that the statute is unconstitutional depends upon its contention that § 565.095(5) interferes with its constitutional rights to contract.[1] See Park Benzinger & Co. v. Southern Wine & Spirits, 391 So.2d 681 (Fla.1980). However, the statute is not here applied to any existing contracts to which appellant is a party. On the contrary, appellant is a manufacturer which intends to enter into contracts in Florida with full knowledge and notice of the laws of this state. Until it enters into such contracts, there are no obligations which the statute might impair. On the contrary, § 565.095(5) is an existing *681 law which becomes a part of any contract which appellant may enter into.[2] The statute therefore does not violate appellant’s rights under the referenced state constitutional provisions.
We have considered appellant’s arguments that the statute is unconstitutionally vague and an improper delegation of legislative authority, but find them to be without merit.
AFFIRMED.
BOOTH and THOMPSON, JJ., concur.

. Appellant relies upon Article I, section nine, of the Florida Constitution.

. See King v. Duval County, 128 Fla. 388, 174 So. 817 (1937); Saunders v. Cities Service Oil Co., 46 So.2d 597 (Fla.1950); National Merchandising v. U.S.A., 400 So.2d 526 (Fla. 1st DCA 1981). We note also that we are not in this case construing a statute enacted after appellant’s acquisition of contractual rights in the label in question.