463 So.2d 314 (1984)
SUNTIDE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
DIVISION OF FLORIDA LAND SALES AND CONDOMINIUMS, DEPARTMENT OF BUSINESS REGULATION, Appellee.
No. AV-198.
District Court of Appeal of Florida, First District.
December 21, 1984.
*315 F. Shields McManus, McManus, Stewart & Ferraro, P.A., Stuart, for appellant.
Karl M. Scheuerman, Dept. of Business Regulation, Tallahassee, for appellee.
ZEHMER, Judge.
Suntide Condominium Association appeals a final order of the Division of Land Sales and Condominiums requiring Suntide to cease and desist from assessing the condominium's common expenses equally against each unit owner, in violation of section 718.115, Florida Statutes (1983). This is the second time Suntide has been before this court appealing the final cease and desist order from the Division. On the first appeal, we discussed the specific facts of the case and arguments of the parties and, finding an insufficient record, we remanded to the agency for further fact-finding proceedings. Suntide Condominium Assn., Inc. v. Division of Florida Land Sales and Condominiums, 409 So.2d 65 (Fla. 1st DCA 1982). Those proceedings have been conducted, the Division has issued another final cease and desist order, and we now affirm that order.
*316 Briefly stated, the facts are that in late 1974 Suntide Condominium was conceived and planned by the developer, and in early 1975 a proposed declaration of condominium was drafted and executed. At that time, section 711.14, Florida Statutes (1973), provided that common expenses may be assessed "according to the declaration." The proposed declaration of condominium provided that common expenses would be assessed equally against each unit owner. Prior to July 1, 1975, two contracts for the purchase of Suntide Condominium units were executed by potential purchasers, and these contracts contained a clause permitting the developer to cancel the contract unilaterally if he determined not to submit the property to "a condominium plan of ownership." On July 1, 1975, an amendment to section 711.14, Florida Statutes, became effective and provided that common expenses must be assessed against unit owners "in the proportions or percentages of ownership of the common elements provided in the declaration." Subsequent to July 1, the proposed declaration of condominium was formally recorded. § 711.08, Fla. Stat. (1975).
The Division takes the position that Suntide is prohibited by the July 1, 1975, amendment from assessing expenses for the common elements of the condominium equally against each unit owner as originally provided in the proposed declaration of condominium. Suntide argues that application of this statutory amendment to the two contracts executed prior to the effective date of the amendment constitutes an ex post facto law or a law impairing the obligation of a contract, in violation of article I, section X, Florida Constitution. In response to Suntide's argument, the Division contends that the contracts executed prior to the effective date of the amendment were not valid and enforceable contracts until the declaration of condominium was actually recorded as required by section 711.08, Florida Statutes (1975). The Division essentially contends that the clause permitting the developer to cancel the purchase contract if the property is not submitted to condominium development renders the agreement conditional and not mutually enforceable by the parties until the developer has established the legal existence of the condominium by recording the declaration. As such, the Division treats the clause as a condition precedent to enforceability of the contract. Suntide argues that the clause simply provides for a condition subsequent that does not affect the validity and enforceability of the contract unless the stipulated condition should not occur.
The purpose of remand on the prior appeal was to develop the record more fully to facilitate a determination of whether there is any basis for finding that, notwithstanding Suntide's failure to record the declaration of condominium until after July 1, 1975, the two contracts were mutually enforceable when executed and created vested rights that could not thereafter be altered by statute. The hearing officer construed our prior opinion as holding that the contracts should be considered enforceable prior to recording the declaration of condominium if the developer elected to submit the property to a condominium plan of ownership prior to July 1, 1975. Based upon this construction of our prior opinion, the hearing officer took evidence, found that the developer had made such election prior to July 1, 1975, and concluded the contracts were valid and enforceable at that time. The Division disagreed with the hearing officer and rejected his conclusions of law, holding instead that Suntide Condominium did not achieve legal existence until the declaration of condominium was actually recorded pursuant to the statute and that until that time the executed contracts were unenforceable for lack of mutuality. Because the declaration was recorded after the statutory amendment became effective, the Division reasoned, the declaration and the purchasers holding the contracts were governed by the amended section 711.14, which required assessment of common expenses in proportion to ownership interest. Accordingly, the Division ordered Suntide to cease and desist from assessing common expenses equally between unit owners.
*317 We approve the Division's construction of our prior opinion. We agree with the Division's construction of the contracts of purchase and affirm its order holding that Suntide must cease and desist from assessing common expenses equally against each unit owner. The Division correctly points out that condominiums are strictly a creature of statute. Pursuant to the law as it existed before and after July 1, 1975, a condominium could be legally created only by recording a declaration of condominium in the public records of the county wherein the land is located. § 711.08, Fla. Stat. (1975); Hovnanian Florida, Inc. v. Division of Florida Land Sales & Condominiums, 401 So.2d 851 (Fla. 1st DCA 1981). The law in existence on the date of recording the declaration is as controlling as if engrafted onto the documents. Sans Souci v. Division of Florida Land Sales & Condominiums, 421 So.2d 623 (Fla. 1st DCA 1982). Nothing in the record on appeal nor in the briefs of the parties shows any basis for concluding that the two executed contracts vested in these purchasers the unconditional right to enforce the terms of the proposed but unrecorded declaration of condominium, irrespective of any statutory changes applicable to such declarations prior to the date the declaration became effective. We conclude  as did the Division  that the contracts and declaration did not become unconditionally final and fix all rights and obligations between the parties until the condominium was legally established by recordation of the declaration. Section 711.14, as amended July 1, 1975, did not improperly impair any obligation of contract and is not constitutionally invalid as applied in this case.
AFFIRMED.
ERVIN, C.J., and BOOTH, J., concur.