503 So.2d 396 (1987)
FLORIDA BEVERAGE CORPORATION, Appellant,
v.
DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, DEPARTMENT OF BUSINESS REGULATION, State of Florida, and Barton, Brands, Ltd., Appellees.
No. BM-368.
District Court of Appeal of Florida, First District.
February 23, 1987.
Rehearing Denied March 24, 1987.
*397 David M. Maloney of Maloney, Comfort & Goldberg, Tallahassee, for appellant.
Louisa A. Hargrett, Tallahassee, for appellee Dept. of Business Regulation, Division of Alcoholic Beverages and Tobacco, State of Fla.
Jeffrey M. Weissman, Gary R. Rutledge, Brian S. Dervishi of Sparber, Shevin, Shapo, Heilbronner & Book, Miami, for appellee Barton Brands, Ltd.
NIMMONS, Judge.
Appellant challenges an order of the circuit court dismissing appellant's complaint alleging a breach of contract by appellee, Barton Brands, Ltd. We reverse.
In its initial complaint, appellant alleged that a contract was entered into between Barton and appellant for the distribution to the latter of a certain brand of wine. At the time the contract was entered into, Florida law contained Section 564.045, Florida Statutes (1979), known as the Brand Withdrawal Law. That law prohibited a manufacturer, or primary American source of supply (such as Barton), from withdrawing or discontinuing sales of a brand of wine from a Florida distributor without a showing of good cause. Under the procedure provided for in the statute, the Division of Alcoholic Beverages was responsible for determining whether the requisite good cause existed. The statute was repealed effective May 31, 1985, by Chapter 85-58, Laws of Florida.
Appellant's complaint alleged that on August 15, 1985, Barton unilaterally terminated its contract with appellant and withdrew the above referred brand of wine from appellant. The complaint requested declaratory relief, damages for breach of contract, injunctive relief, and specific performance, all predicated upon Barton's failure to show good cause for such withdrawal. The trial court entered an order holding the action in abeyance until appellant exhausted its purported administrative remedies with the Division.
Thereafter, Appellant filed a petition for declaratory statement with the Division seeking a determination that Barton wrongfully withdrew the brand without a showing of good cause. The Division entered an order determining that, in view of the repeal of Section 564.045, it no longer had jurisdiction to entertain brand withdrawal disputes.
Subsequent thereto, appellant filed an amended complaint in circuit court similar to its initial complaint but, in addition, *398 alleging the Division's dismissal of its petition for declaratory statement. The circuit court dismissed the amended complaint with prejudice. The basis for dismissal, as expressly stated in the court's order of dismissal, was the fact that the Brand Withdrawal Law was repealed prior to Barton's withdrawal of the subject brand. Stated the court:
The Court is of the opinion that the entire Brand Withdrawal Statute was, effective May 31, 1985, no longer applicable to contracts entered into between the time the Brand Withdrawal Statute became effective and the date of its repeal if, as here, the termination was effectuated after May 31, 1985.
The order went on to distinguish our earlier opinion in Standard Distributing Company v. Florida Department of Business Regulation, 473 So.2d 216 (Fla. 1st DCA 1985) (hereinafter discussed) on the basis that Standard involved a withdrawal by the manufacturer prior to May 31, 1985, the date of the repeal of the Brand Withdrawal Law.
The laws in force at the time of the making of a contract enter into and form a part of the contract as if they were expressly incorporated into it. Shavers v. Duval County, 73 So.2d 684 (Fla. 1954); Tri-Properties, Inc. v. Moonspinner Condominium Association, Inc., 447 So.2d 965, 967 n. 2 (Fla. 1st DCA 1984) (statutory provision governing contract cancellation rights); Cycle Dealers Insurance, Inc. v. Bankers Insurance Company, 394 So.2d 1123 (Fla. 5th DCA 1981) (statutory provision governing contract cancellation rights); 11 Fla.Jur.2d Contracts § 129, 17 Am.Jur.2d Contracts § 257.
In Somerset Importers, Ltd. v. Department of Business Regulation, 428 So.2d 679 (Fla. 1st DCA 1983), this Court, consistent with the above authorities, held that Section 565.095(5) (Chapter 565's liquor counterpart to the similar wine provision in the subject statute) became, by virtue of the above-stated principle of law, a part of the brand distribution contract which had been entered into between the manufacturer's predecessor and its distributor.[1]
Subsequently, in Standard Distributing Company v. Florida Department of Business Regulation, supra, this Court held that the burden was on the manufacturer to show good cause for withdrawal of a brand instead of the burden being on the distributor to show lack of good cause for withdrawal and that the manufacturer's status as a successor to the manufacturer with whom the distributor had contracted did not establish the requisite good cause. The subject Brand Withdrawal Law and its counterpart in Chapter 565 (Section 565.095(5)) were repealed effective May 31, 1985, two weeks after our opinion in Standard. In denying rehearing, we held that the statutory rights and obligations which had become a part of the contract between the parties were not affected by the Statute's repeal. Standard at 219.
Barton asserts that Standard does not govern the instant case because in Standard the brand was withdrawn prior to the repeal of the statute while in the instant case the brand was not withdrawn until after the statute's repeal. We cannot agree that this distinction drawn by Barton and the trial court is tenable.
At the time the parties entered into their brand distribution agreement, when the subject Statute was in force, they are presumed, consistent with the authorities mentioned above, to have agreed that the brands could not be withdrawn during the term of the agreement absent good cause therefor.[2] Assuming, as we must, *399 that such was legally regarded as a part of their agreement, to adopt Barton's assertion regarding the effect of the statute's repeal would constitute a prohibited impairment of the obligations of the contract.
Section 564.045(5) provided for a detailed administrative apparatus for the determination of whether good cause was shown. We agree with appellee Division that, with the repeal of the statute, this administrative mechanism for the resolution of the parties' rights is no longer available. It is assumed that parties enter into contracts with knowledge that the government may from time to time alter the methods available for the vindication of existing rights. Mahood v. Bessemer Properties, 154 Fla. 710, 18 So.2d 775 (1944); Ruhl v. Perry, 390 So.2d 353 (Fla. 1980). In a case such as this, the courts are available, as in other types of contract disputes, to adjudicate the rights and obligations of the parties including, where appropriate, reliance upon declaratory, injunctive and/or other remedial action.[3]
Barton asserts that the procedural aspects of the Brand Withdrawal Law are so intertwined with the substantive rights of the parties as to be inseparable. We find, however, that the single substantive right contained in that Law, the right to have a brand continued unless good cause exists for discontinuing it, is separable from the remainder of the statute, which merely defines the former remedies available to the parties.
Accordingly, the order dismissing with prejudice the amended complaint is REVERSED and this cause is REMANDED for further proceedings consistent with this opinion.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Our holding in Somerset is consistent with the standard articulated in General Development Corporation v. Catlin, 139 So.2d 901 (Fla. 3rd DCA 1962), to wit:

[T]he laws with reference to which the parties must be assumed to have contracted were those which in their direct or necessary legal operation controlled or affected the obligations of the contract. (emphasis in original).
Id. at 903.
[2] We note that this is not a case where the contract contained language purporting to incorporate future amendments or changes in the law. Compare McKesson Corporation v. Schieffelin & Co., 390 So.2d 353 (Fla. 3rd DCA 1986).
[3] It is worthy of note that in the same legislative session in which the Brand Withdrawal Law was repealed, the legislature amended Section 562.46 by adding the following language:

... further, an action involving a contractual dispute between a licensed distributor and its registered primary American source of supply, as defined in s. 564.045 or s. 565.095, may be filed in the courts of this state.
Chapter 85-161, section 7, Laws of Florida.