534 So.2d 823 (1988)
H. Lila ROTHFLEISCH, Philip Josephson, Dorothy Josephson, Melvin Bornstein, Diana Bornstein, David Latman, Lillian Latman, Sam Zuckman, Frank Catapano, As Class Representatives of Unit Owner Members of Yarmouth Condominium Association, Inc., Appellants,
v.
Zach CANTOR, Leo Slevin and Temple Beth Shalom of Boca Raton, Inc., a Florida Not-for-Profit Corporation, Appellees.
No. 87-1321.
District Court of Appeal of Florida, Fourth District.
November 30, 1988.
Rehearing Denied January 3, 1989.
*824 Peter S. Sachs of Sachs & Sax, P.A., Boca Raton, for appellants.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., and Jones & Foster, P.A., West Palm Beach, for appellees-Zach Cantor and Leo Slevin.
Myron S. Dunay of Myron S. Dunay, P.A., Delray Beach, for appellee-Temple Beth Shalom of Boca Raton, Inc.

OPINION ON REHEARING
PER CURIAM.
We deny the petition for rehearing but withdraw our opinion of October 19, 1988, and issue the following opinion in its place.
We affirm the judgment of the trial court which upheld the authority of a condominium association to grant a sewer line easement underneath the condominium property to the Temple Beth Shalom, the Temple premises being located completely within the confines of the Century Village condominium community. Yarmouth is one of the condominium developments in Century Village. In affirming, we adopt and approve the reasoning of the trial court set out in the final judgment:
Plaintiffs, through their condominium association, i.e. Yarmouth at Century Village Condominium Association, Inc. (YARMOUTH), seek injunctive relief, damages and attorney's fees against the Defendant Temple Beth Shalom of Boca Raton, Inc. (TEMPLE) and individual Defendants Cantor and Slevin for an alleged trespass, breach of fiduciary duty, and attorney's fees against the Defendant Temple Beth Shalom of Boca Raton, Inc. (TEMPLE) and individual Defendants Cantor and Slevin for an alleged trespass, breach of fiduciary duty, and attorney's fees.
The entire litigation revolves around a document entitled "Easement Dedication", the same being Plaintiffs' Exhibit 5 in evidence. This document is dated May 29, 1985 and purports to grant an easement from the YARMOUTH to TEMPLE for the purpose of running a sewage line across the YARMOUTH land. The document is signed by Defendants Cantor and Slevin as president and secretary respectively. Plaintiffs claim that this document is a nullity, in that the easement property forms a part of the common elements and therefore not owned by the YARMOUTH but by the unit owners individually in accordance with their fractional shares. In addition, Plaintiffs claim that Defendants Cantor and Slevin breached their fiduciary duty to the unit owners in executing the document entitling them to damages and attorney's fees.
YARMOUTH contends that Section 718.111(10) Florida Statutes (1983) is the controlling law and cites to the court as authority Sun Tide [Suntide] Condominium, Inc. [v.] Division of Florida Land Sales and Condominiums, Department of Business Regulation, 463 So.2d 314 (Fla. 1st DCA 1984). The Sun Tide case at page 317 states, "the law in existence on the date of recording the Declaration is as controlling as if engrafted into the documents." The Defendants claim that the controlling law is Section 718.111(10) Florida Statutes (1985), which became effective October 1, 1984, eight months prior to the execution of the document at issue. Both Sections are entitled "Easements". The difference in the wording of the two Statutes is minor but significant to this case. Under the 1983 version, the Association, unless otherwise prohibited, has the power "to modify or move an easement for ingress or egress or for the purpose of utilities... .", the 1985 version gives the association authority "to grant, modify, or move any easement, if the easement constitutes part of or crossed the common elements." Both versions require *825 that any easement must be for the benefit of the unit owners.
The Court has read and carefully analyzed the fact situation in the Sun Tide case and finds that the holding, quoted above, while correct in that case, is taken out of context when applied to the facts in the instant case. If the Courts of this state were to apply the language in Sun Tide to condominium disputes, i.e. to apply only the law in existence as of the date of the filing of the declaration of condominium and ignore all subsequent amendments to said law, it would result in a morass of legal entanglement where no holding in any one condominium case could be precedent for any other except those created in the same year. This could not possibly be the intent of the legislature or the Courts of this state.
On the testimony and evidence presented, the Court makes the following findings of fact and conclusions of law:
1. Section 718.111(10) Fla. Stat. (1985) is the controlling law as it applies in this case.
2. Section 718.111(2) Fla. Stat. (1985) incorporates Chapters 607 and 617 Fla. Stat. so long as the same is not inconsistent with various sections of Chapter 718.
3. Section 692.01 Fla. Stat. (1985) provides that any corporation may execute instruments affecting any interest in its lands in the name of its president and that any instrument so executed shall be valid whether or not the officer signing for the corporation was authorized to do so by the Board of Directors, absent any fraud.
4. Defendants Cantor and Slevin were on May 29, 1985 the president and secretary respectively of YARMOUTH.
5. There was no fraud or breach of fiduciary duty on the part of Defendants Cantor and Slevin.
6. The Board of Directors of YARMOUTH did, in November of 1985 at a duly constituted meeting, ratify the actions of Defendants Cantor and Slevin in the execution of the easement dedication on May 29, 1985.
Accordingly, and the Court being otherwise advised in the premises, it is
ORDERED AND ADJUDGED as follow:
1. Judgment is hereby entered in favor of the Defendants and against the Plaintiffs, and the Plaintiffs shall go hence without day.
We also reject appellant's claim that there was no evidence to support the trial court's inferred finding that the grant of the easement was of some benefit to the unit owners. We believe that the unique circumstances of this case, including the fact that the Temple property is located completely within the bounds of the Century Village condominium property and its membership is limited to residents of the Century Village community, including Yarmouth, constituted a sufficient basis for the condominium association to conclude that it would be in the interest of the unit owners to grant the Temple a sewage easement under the condominium property, in order for the Temple to have access to a central sewage system serving the entire Century Village community.
We affirm the judgment of the trial court.
ANSTEAD, GLICKSTEIN and GUNTHER, JJ., concur.