The Honorable Richard Ake Clerk of the Circuit Court Hillsborough County Post Office Box 1110 Tampa, Florida 33601
Dear Mr. Ake:
You ask substantially the following question:
 May the clerk of the circuit court return funds deposited by a condominium developer pursuant to s. 718.105, F.S., if the developer fails to file a certificate indicating that a final survey of the completed project has been made as required by s. 718.104(4)(e), F.S.?
In sum, I am of the following opinion:
 The clerk of the circuit court may return funds deposited pursuant to s. 718.105(4), F.S., only when the declaration of condominium is amended by the filing of a certificate by a surveyor licensed in Florida that the project is substantially complete. There is no statutory authority for the return of such funds under any other condition.
Section 718.104, F.S., regulates the creation of condominiums in this state. Condominiums are created by recording a declaration in the public records of the county where the land is located.[1]
The declaration must contain, among other things:
 A survey of the land which shows all existing easements and a graphic description of the improvements in which units are located and a plot plan thereof that, together with the declaration, are in sufficient detail to identify the common elements and each unit and their relative locations and approximate dimensions. . . .[2]
If a condominium is not substantially completed at the time a declaration is filed, a statement to that effect is required. Upon substantial completion of construction, however, the developer or the condominium association must amend the declaration to include a certificate from a surveyor authorized to practice in Florida that the construction is substantially complete.[3]
A declaration creating a condominium, executed pursuant to s.718.104, F.S., along with all amendments and attachments, is entitled to be recorded as an agreement relating to the conveyance of land.[4] If the declaration does not contain a certificate from a surveyor stating that the condominium is substantially complete, however,
 The developer shall deliver to the clerk an estimate of the cost of a final survey or graphic description containing and complying with the certificate prescribed by s. 718.104(4)(e) and shall deposit with the clerk the sum of money specified in the estimate. The clerk shall hold the money until an amendment to the declaration is recorded that complies with the certificate requirements of s. 718.104(4)(e). At that time, the clerk shall pay to the developer or the association presenting the amendment to the declaration the sum of money deposited with him without making any charge for holding the sum, receiving it, or paying out, other than the fees required for recording the condominium documents.[5]
(e.s.)
Thus, the statute requires developers to deposit with the clerk a sum of money estimated to be the cost of a final survey of the property. The clerk is required to hold the money until the declaration is amended by filing the certificate required under s.718.104(4)(e), F.S. You ask whether the clerk, in the event the project is never completed, is authorized to refund the money when no certificate is or will be filed.
The clerk of the circuit court is a constitutional officer whose powers and duties are fixed by law.[6] While the clerk's powers are derived from constitutional and statutory provisions, the powers are limited to those which have been expressly provided or are clearly necessary to give meaning and effect to those which have been expressly granted.[7] If there is any doubt as to the existence of authority to do a particular thing, such authority should not be assumed.[8]
I have not found, nor have you provided, any legislative provision in Ch. 28, F.S.,[9] or in Ch. 718, F.S., authorizing the clerk to return the funds deposited pursuant to s. 718.105(4), F.S., under any condition other than the amendment of the declaration by filing the certificate by a surveyor that the project is substantially complete. Accordingly, if the declaration is not amended with the certificate, I am of the opinion the clerk has no authority to refund the deposited funds.
This office has been informed that the factual circumstances underlying this opinion request are that a developer of a multiphase condominium project has indicated that planned phases will not be completed. The developer, therefore, is requesting return of the money deposited with the clerk pursuant to s.718.105, F.S.
I would note that a declaration of condominium may be amended by its terms or, if the declaration fails to provide a method of amendment, by s. 718.110, F.S.[10] It would appear, therefore, absent terms in the declaration providing for its amendment, that the declaration may be amended to reflect the altered plans. Such an amendment, however, would require the written consent of all condominium unit owners who would be materially or adversely affected by the amendment.[11] Amendment of the declaration of condominium to alter the plans of the completed project, however, would not eliminate the statutory requirement that a certificate be filed showing that the project, as amended, is substantially complete.
In the absence of any legislative direction regarding the disposition of such funds in the event no certificate of final survey is filed, it may be advisable to seek legislative clarification of this matter.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 718.104(2), F.S. See, Hovnanian Florida, Inc. v. Division of Florida Land Sales and Condominiums, Department of Business Regulation, 401 So.2d 851, 854 (1 D.C.A.Fla., 1981) (declaration of condominium is the instrument by which a condominium is created). See also, Suntide Condominium Association, Inc. v. Division of Florida Land Sales and Condominiums, Department of Business Regulation, 463 So.2d 314,317 (1 D.C.A.Fla., 1984).
[2] Section 718.104(4)(e), F.S.
[3] Id.
[4] Section 718.105(1), F.S. See also, s. 718.104(5), F.S., providing that the declaration may include covenants and restrictions concerning the use, occupancy, and transfer of condominium units permitted by law with reference to real property and s. 718.104(7), F.S., providing that "[a]ll provisions of the declaration are enforceable equitable servitudes, run with the land, and are effective until the condominium is terminated."
[5] Section 718.105(4), F.S.
[6] See, s. 5(c), Art. II and s. 1(d), Art. VIII, State Const.; see also, s. 16, Art. V, State Const., and Alachua County v. Powers, 351 So.2d 32, 35 (Fla. 1977).
[7] See, Security Finance Company v. Gentry, 109 So. 220
(Fla. 1926).
[8] Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944).
[9] Ch. 28, F.S., sets forth the powers and duties of the clerks of the circuit courts.
[10] Section 718.110, F.S., allows amendment of the declaration of condominium if approved by two-thirds of the units.
[11] Section 718.110(9), F.S.